UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHAUNAK SAYTA,<br><br>    Plaintiff,<br><br>    v.<br><br>BENNY MARTIN,<br><br>    Defendant. | Case No. 16-cv-03775-LB<br><br>**ORDER GRANTING THE DEFENDANT'S MOTIONS TO COMPEL ARBITRATION AND TO CONFIRM THE ARBITRATION AWARD**<br><br>Re: ECF Nos. 10 & 11 |

**INTRODUCTION**

This case concerns the arbitration of disputes between attorney and client. The parties — Benny Martin (attorney) and Shaunak Sayta (client)[1] — have twice arbitrated a fee dispute, once before the California State Bar and once before JAMS.[2] In both cases the arbitrator awarded Mr. Martin fees that Mr. Sayta allegedly owed him for services rendered in an unlawful-detainer case.[3] Mr. Sayta rejects and challenges those awards here, though, and argues that the arbitrators were without jurisdiction because he voided the fee agreement (and its arbitration clause) under California Business & Professions Code section 6148(c) after Mr. Martin did not provide billing

---

[1] Mr. Sayta is also an attorney. *See* First Amended Comp. ("FAC") – ECF No. 39, ¶ 1. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *See generall id*.

[3] *See* MFAA Findings and Award – ECF No. 39-3; JAMS Final Award – ECF No. 39-2.

ORDER — No. 16-cv-03775-LB

statements.[4] He also asserts several state-law claims for Mr. Martin's alleged misconduct during the attorney-client relationship.[5] Mr. Martin moves to confirm the JAMS arbitration award and to compel arbitration of Mr. Sayta's state-law claims.[6]

The court held a hearing on the matter on January 12, 2017.[7] The court grants Mr. Martin's motion to compel arbitration because the parties' arbitration agreement is valid and enforceable. The court administratively closes the case pending the arbitration of Mr. Sayta's state-law claims. The court also confirms the JAMS arbitration award.

## STATEMENT

In August 2014, Mr. Sayta hired Mr. Martin to represent him in a San Francisco-based unlawful detainer action.[8] Mr. Sayta — previously an intern in Mr. Martin's office — is also an attorney.[9] The parties entered into an attorney-client fee agreement, which Mr. Sayta attaches to his complaint.[10] The agreement contains an arbitration clause that provides: "Attorney and Client agree[] that any dispute with respect to this agreement or representation will be resolved in JAMS arbitration in San Francisco, California."[11] The parties also agreed that "[t]he prevailing party shall be entitled to recover reasonable attorney's fees, [] pro se or otherwise, in said action."[12]

A fee dispute arose after Mr. Sayta prevailed in his unlawful-detainer suit and the following process ensued.[13] Mr. Sayta asserts that Mr. Martin did not timely provide him with billing records under California Business & Professions Code section 6148(b).[14] On November 6, 2014, he

---

[4] FAC ¶¶ 7, 29, 32–33, Ex. 4.
[5] *Id.* ¶¶ 34–63.
[6] Motion to Compel – ECF No. 10; Motion to Confirm – ECF No. 11; *see* Counterclaim – ECF No. 9.
[7] Minute Entry – ECF No. 46.
[8] FAC ¶ 27; Attorney-Client Fee Agreement – ECF No. 39-1 at 5 (dated August 21, 2014)..
[9] FAC ¶ 1.
[10] FAC ¶¶ 28, 34; *see* Attorney-Client Fee Agreement.
[11] Attorney-Client Fee Agreement ¶ 9.
[12] *Id.*
[13] *See* Counterclaim ¶ 2.
[14] *See* Sayta Decl. – ECF No. 41-1, ¶¶ 5–12.

ORDER — No. 16-cv-03775-LB             2

emailed Mr. Martin and asked for the hours he spent on his unlawful-detainer case.[15] He again requested that information on November 14.[16] Mr. Martin responded on November 22 and said "I STILL have not put together the final invoice. I'm busy. And I will get to it next week."[17] After Mr. Martin's response, Mr. Sayta "constantly attempted to follow up with [him] in regards to the hours spent/costs expended and the invoice."[18] In January 2015, Mr. Sayta filed a complaint with the California State Bar about Mr. Martin's failure to provide billing statements.[19] Mr. Sayta received a final invoice on March 6, 2015.[20]

In April 2015, Mr. Martin initiated JAMS arbitration for unpaid fees under the parties' agreement.[21] Mr. Sayta moved to dismiss the JAMS proceedings for lack of jurisdiction, asserting that the parties' contract was void and thus there was no agreement to arbitrate.[22] But the arbitrator did not hear the motion "because [Mr. Sayta] did not pay the JAMS fees in the matter."[23] The arbitrator held a hearing on the fee dispute on December 14, 2015.[24]

Mr. Sayta then requested arbitration under California's Mandatory Fee Arbitration Act ("MFAA"), which stayed the JAMS arbitration as of December 31, 2015.[25] On June 13, 2016, the MFAA arbitrator ruled in favor of Mr. Martin and awarded him $8,345.25 plus interest.[26] The JAMS proceedings then resumed.

---

[15] *Id.* ¶ 6.
[16] *Id.* ¶ 7.
[17] *Id.* ¶ 8, Ex. 6.
[18] *Id.* ¶ 9.
[19] *Id.* ¶ 10.
[20] *Id.* ¶ 11, Ex. 7.
[21] FAC ¶ 33; *see* JAMS Final Award.
[22] FAC ¶ 7, Exs. 4–5 (saying "[b]ecause the agreement has been found to [be] void, JAMS has no jurisdiction")
[23] JAMS Final Award at 4.
[24] FAC ¶ 9.
[25] *Id.* ¶¶ 10–11, 30.
[26] *Id.* ¶¶ 11, 31; MFAA Findings and Award.

Mr. Sayta "submitted an application for a fee waiver to JAMS, which was acknowledged by JAMS on the same day."[27] Two weeks later, he sent JAMS an email "inquiring about the status of the fee waiver application," which JAMS again acknowledged.[28] Mr. Sayta then sued Mr. Martin here; he declares that he rejects the MFAA award and requests a new trial.[29] But the JAMS arbitrator "proceeded to issue an interim award and subsequently a final award, based on the arbitration [hearing] that took place in December 2015."[30] The JAMS Final Award, dated July 28, 2016, awards Mr. Martin $20,202.47 in fees, pre-judgment interest, and costs.[31]

In this lawsuit, Mr. Sayta challenges the MFAA award and also brings six claims against Mr. Martin: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) mistaken receipt; (4) unjust enrichment; (5) attorney malpractice and breach of fiduciary duty; and (6) unlawful business practices in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*[32] Mr. Martin, in turn, moves to confirm the JAMS award and to compel arbitration of Mr. Sayta's claims.[33] Mr. Sayta opposes both motions, raising as a defense to the JAMS award the unenforceability of the fee agreement because it is voidable under section 6148(c).[34] The court held a hearing on the matter on January 12, 2017.[35]

## ANALYSIS

The Federal Arbitration Act ("FAA") applies to arbitration agreements affecting interstate commerce. 9 U.S.C. § 2. When it applies, the FAA preempts state laws that conflict with its provisions or obstruct its objective to enforce valid arbitration agreements. *See AT&T Mobility*

---

[27] FAC ¶ 13.

[28] *Id.* ¶¶ 14–15.

[29] *Id.* ¶¶ 16, 32.

[30] *Id.* ¶ 18.

[31] *Id.*; JAMS Final Award at 5.

[32] FAC ¶¶ 34–63.

[33] Counterclaim – ECF No. 9; Motion to Compel – ECF No. 10; Motion to Confirm – ECF No. 11.

[34] Opposition to Re-Noticed Motion to Compel – ECF No. 42; Opposition to Re-Noticed Motion to Compel – ECF No. 41.

[35] Minute Entry – ECF No. 46.

*LLC v. Concepcion*, 563 U.S. 333, 339, 341–43 (2011). The parties here did not brief whether the FAA applies — *i.e.* whether the agreement satisfies the Act's interstate-commerce requirement. The FAA and the California Arbitration Act ("CAA") lead to the same result: enforcement of the arbitration clause and confirmation of the JAMS award.

## 1. Mr. Martin's Motion to Compel Arbitration

### 1.1  Legal Standard

Both the FAA and CAA reflect a strong policy in favor of arbitration. *Concepcion*, 563 U.S. at 339; *Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street*, 35 Cal. 3d 312, 322 (1983). Under the FAA, contractual arbitration agreements must be enforced "save upon such grounds as exist at law or in equity for the revocation of any contract." *Newton v. Am. Debt Servs., Inc.*, 549 F. App'x 692, 693 (9th Cir. 2013) (quoting 9 U.S.C. § 2). Similarly, under the CAA, a court must enforce an arbitration agreement unless the party moving to compel arbitration waived its rights to do so or the agreement to arbitrate is revocable. Cal. Civ. Proc. Code § 1281.2; *see Ericksen*, 35 Cal. 3d at 322 (explaining that "the term 'agreement'" in the context of section 1281.2 "may properly be construed to refer to the agreement to arbitrate, as distinguished from the overall contract in which that agreement is contained"). "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." *Concepcion*, 563 U.S. at 339; *Weeks v. Crow*, 113 Cal. App. 3d 350, 353 (1980) ("The court should attempt to give effect to the parties' intentions, in light of the usual and ordinary meaning of the contractual language and the circumstances under which the agreement was made.").

"[W]here a contract contains an arbitration clause," moreover, "courts apply a presumption in favor of arbitrability . . . and the party resisting arbitration bears the burden of establishing that the arbitration agreement is inapplicable." *Wynn Resorts v. Atlantic-Pacific Capital, Inc.*, 497 F. App'x 740, 742 (9th Cir. 2012); *Dunlop v. State Farm Mut. Auto. Ins. Co.*, No. C 12-2362 CW, 2012 WL 6096599, at *2 (N.D. Cal. Dec. 7, 2012) ("The party opposing the petition bears the

burden of establishing waiver or revocation" under section 1281.2) (citing *Saint Agnes Med. Ctr. v. PacifiCare of Cal.*, 31 Cal. 4th 1187, 1195 (2003)).

The Supreme Court's decision in *Buckeye Check Cashing* sets three landmarks relevant to this case. 546 U.S. 1204 (2006). The Court there described three types of challenges that can be made to contracts calling for arbitration. First, a party may deny that "an agreement . . . was ever concluded." *See id.* at 444 n. 1. Where a party denies that it signed a contract, for example, or where a party "lacked the mental capacity to assent," the court may refuse to compel arbitration while it decides whether a contract was ever formed. *Id.* Second, a party may "challenge[] specifically the validity of the agreement to arbitrate." *Id.* at 444. In that case, too, "the federal court may proceed to adjudicate" the issue of whether the arbitration agreement was valid. *See id.* at 444–45. The third case is different. Where a party "challenges the contract as a whole," but does not dispute that a contract "was ever concluded," the FAA "does not permit the federal court to consider" the party's challenge. *Id.* Challenges to the validity of the "entire contract" must be "referred to the arbitrators." *See id.* (discussing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967)). The rationale is that "an arbitration provision is severable from the remainder of the contract" and where a party challenges the whole contract, "but not specifically its arbitration provisions, those provisions are enforceable apart from the remainder of the contract." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1268–69 (9th Cir. 2006) (citing *Buckeye Check Cashing*, 546 U.S. at 445–46).

The same distinction applies under the CAA. *See Ericksen*, 35 Cal. 3d at 318–21, 323 (adopting the majority rule as set forth in *Prima Paint*); *Saint Agnes Med. Ctr.*, 31 Cal. 4th at 1198 ("The logic of *Prima Paint* has led many courts, including this one, to hold that contractual arbitration clauses generally must be enforced where one of the parties seeks rescission of the entire contract on the basis that it allegedly was induced by fraud, mistake, or duress, or where an alleged breach of a warranty or other promise justifies the aggrieved party in putting an end to the contract.").

ORDER — No. 16-cv-03775-LB                 6

### 1.1 Mr. Sayta Must Arbitrate His Claims

Mr. Martin moves to dismiss Mr. Sayta's complaint and to compel arbitration under the parties' agreement.[36] But Mr. Sayta argues that the attorney-client agreement is voidable because Mr. Martin did not provide billing statements in violation of California Business & Professions Code section 6148(b).[37] He asserts his right to void the agreement under that section and thus contends that he voids the arbitration clause, too. The issue is whether Mr. Sayta's revocation of the entire agreement — with no challenge specifically to the arbitration provision — is a matter for the court or the arbitrator.

Under section 6148(b), at the client's request, an attorney must provide a bill to the client within ten days of the request. Cal. Bus. & Prof. Code § 6148(b). An attorney's failure to comply with this requirement (or any other under section 6148) "renders the agreement *voidable*" at the client's option. *Id.* § 6148(c) (emphasis added). In that case, the attorney is "entitled to collect a reasonable fee." *Id.*

Here, Mr. Sayta twice emailed Mr. Martin for an invoice, first on November 6 and again on November 14, 2014.[38] Mr. Martin responded eight days later and said "I STILL have not put together the final invoice. I'm busy. And I will get to it next week."[39] Mr. Sayta thereafter "constantly attempted to follow up with [him] in regards to the hours spent/costs expended and the invoice."[40] But he did not receive a final billing statement until March 6, 2015.[41]

Mr. Sayta accordingly seeks to rescind the attorney-client agreement under section 6148(b) because Mr. Martin did not provide a bill within the requisite ten-day period.[42] Citing *Moncharsh v. Heily & Blase*, he argues that because he voids the entire agreement, he inherently voids the

---

[36] *See generally* Memorandum in Support of Motion to Dismiss and Compel – ECF No. 10-1.

[37] Opposition to Re-Noticed Motion to Compel at 7–9.

[38] Sayta Decl. – ECF No. 41-1, ¶¶ 6–7.

[39] *Id.* ¶ 8, Ex. 6.

[40] *Id.* ¶ 9.

[41] *Id.* ¶ 11, Ex. 7.

[42] *See* FAC ¶¶ 34–37; MFAA Findings and Award at 8; Sayta Decl. – ECF No. 41-1, ¶¶ 5–9, 11.

1  arbitration clause within it, too.[43] 3 Cal. 4th 1 (1992). But as he acknowledges in his brief,

2  *Moncharsh* discusses *illegal* contracts. There, the California Supreme Court explained that "if an

3  otherwise enforceable arbitration agreement is contained in an illegal contract, a party may avoid

4  arbitration altogether" — *i.e.* the illegality of the contract would vitiate the arbitration clause. *Id.* at

5  30. But *Moncharsh* made a point to distinguish general claims of illegality from claims of

6  fraudulent inducement — the latter resulting in revocation of the contract but not the arbitration

7  clause. *Id.* at 30 n.13 (citing *Ericksen*, 35 Cal. 3d 312).

The distinction is critical. Despite Mr. Sayta's varying use of "void," "voidable," and "illegal," the terms have important, different meanings. "A void contract is no contract at all; it binds no one and is a mere nullity." *Guthman v. Moss*, 150 Cal. App. 3d 501, 507 (1984). "It is a 'promise' or 'agreement' that is void of legal effect." 1 Witkin, Summary 10th Contracts § 2 (10th ed. 2005). A voidable contract, on the other hand, "is one which may be rendered null at the option of one of the parties, but is not void until so rendered." *Guthman*, 150 Cal. App. 3d at 509–10 (quoting *Myrick v. O'Neill*, 33 Cal. App. 2d 644, 648 (1939)) (internal quotations and emphasis omitted). Indeed, a voidable contract "is valid and has its usual legal consequences until the power of avoidance (often called disaffirmance) is exercised." 1 Witkin, Summary 10th Contracts § 2 (10th ed. 2005). And an illegal contract — one that is "contrary to express statutes or to the policy of express statutes," *see Green v. Mt. Diablo Hospital Dist.*, 207 Cal. App. 3d 63, 73 (1989) — is void, not voidable; "it cannot be ratified by any subsequent act, and no person can be estopped to deny its validity." 1 Witkin, Summary 10th Contracts § 432 (10th ed. 2005).

Here, section 6148 says that an attorney's failure to comply with its terms "renders the [attorney-client] agreement *voidable* at the option of the client." Cal. Bus. & Prof. Code § 6148(c). It does not say "void" or "illegal." This case therefore does not fall within *Moncharsh*. *Cf. Duffens v. Valenti*, 161 Cal. App. 4th 434, 454, 456 (2008) (affirming denial of motion to compel arbitration where statutory violations rendered the contract "void and unenforceable"). Instead, the entire agreement was valid and existed (until Mr. Sayta voided it), and the arbitration clause itself

---

[43] *See* Opposition to Re-Noticed Motion to Compel at 7.

ORDER — No. 16-cv-03775-LB        8

1  is severable, valid, and enforceable. Mr. Sayta makes no contrary argument; his challenge to the
2  agreement — rescission based on Mr. Martin's performance — is thus most properly considered
3  an attack on the entire agreement and must go to the arbitrator. *See Three Valleys Municipal Water*
4  *Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1140–41 (9th Cir. 1991) (reading *Prima Paint* to
5  apply "to challenges seeking to *avoid* or *rescind* a contract — not to challenges going to the very
6  existence of a contract that a party claims never to have agreed to"); *see also Buckeye Cash*
7  *Checking*, 546 U.S. at 444–45; *Saint Agnes Med. Ctr.*, 31 Cal. 4th at 1198. In other words, because
8  Mr. Sayta does not show that the contract is illegal and does not attack specifically the arbitration
9  clause, the parties' agreement to arbitrate survives and requires that any disputes within its scope
10 be sent to arbitration.

11   In light of courts' interpretation of *Prima Paint*, *see Three Valleys*, 925 F.2d at 1140–41; and
12 the California Supreme Court's adoption of that majority rule, *see Saint Agnes Med. Ctr.*, 31 Cal.
13 4th at 1198; the court does not find persuasive the reasoning in the unpublished California Court
14 of Appeal case that Mr. Sayta cites.[44] The court denies Mr. Sayta's section 6148 argument and
15 finds that the arbitration provision is valid and enforceable. And because his claims relate to the
16 attorney-client relationship, they fall within the parties' agreement to arbitrate "any dispute with
17 respect to [the attorney-client] agreement or [the] representation."[45] The court therefore compels
18 arbitration of his claims.

### 1.3 The Court Administratively Closes the Case

21   Mr. Martin moves to dismiss the case. Courts generally stay cases pending arbitration to
22 "facilitate the later filing of a confirmation[ or ]vacatur petition at the end of the arbitration and to
23 avoid the inconvenience of commencing a new proceeding." Knight, Chernick, Halderman, and
24 Bettinelli, Cal. Prac. Guide Alt. Disp. Res. Ch. 5-G § 5:337.5 (The Rutter Group 2016) (citing
25 *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2006) (holding that the

---

[44] *See* Opposition to Re-Noticed Motion to Compel at 7–8 (citing *Maxon v. Initiative Legal Group Apc*, 2015 Cal. App. Unpub. LEXIS 7084 (Oct. 2, 2015)).

[45] Attorney-Client Fee Agreement ¶ 9.

ORDER — No. 16-cv-03775-LB          9

United States District Court
Northern District of California

trial court did not err by treating the defendant's motion to dismiss as a motion to stay)). Under the circumstances, the court will administratively close the case, but the parties may reopen it after the arbitration.

### 2. Mr. Martin's Motion to Confirm the JAMS Arbitration Award

#### 2.1  Legal Standard

Under the Federal Arbitration Act ("FAA"), "judicial review of an arbitration award is both limited and highly deferential." *Sheet Metal Workers' Int'l Ass'n Local 359 v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996). A court must grant a party's motion to confirm an arbitration award if:

> (a) the parties have agreed that a specified court may enter judgment upon the award; (b) any party to the arbitration award applies to the specified court for confirmation of the award within a year of its issuance; and (c) the court does not vacate, modify, or correct the award under Section 10 or 11 of the FAA.

*Pacific West Secs., Inc. v. George*, No. C 13-4260 JSC, 2014 WL 894843, at *2 (N.D. Cal. Mar. 4, 2014) (citing 9 U.S.C. § 9). If the parties have not specified a court in their agreement, then the application to confirm the award may be made to the district court where the award was made. 9 U.S.C. § 9. And under the CAA, the court must similarly confirm an arbitration award unless it corrects or vacates the award or dismisses the proceeding. Cal. Civ. Proc. Code § 1286.

Mr. Sayta does not ask the court to correct or modify the JAMS award, but instead to vacate it due to, for example, procedural errors. Under both the FAA and CAA, a court may vacate an award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)–(4); *see also* Cal. Civ. Proc. Code § 1286.2(a)(1)–(6).

**2.2  The Court Confirms the JAMS Arbitration Award**

Mr. Martin moves to confirm the $20,202.47 JAMS arbitration award.[46] Mr. Sayta makes three arguments in opposition: (1) there was no agreement to arbitrate at the time of the award because he voided the agreement under section 6148;[47] (2) the JAMS arbitration improperly deprived him of his right to a new trial under the MFAA;[48] and (3) the arbitrator did not have jurisdiction to determine the arbitrability of the dispute or the agreement's validity (*i.e.* the arbitrator exceeded its powers).[49]

For the reasons discussed in Section 1, the court disagrees with Mr. Sayta's first and third arguments. His attack goes to the entirety of the parties' contract, does not challenge the validity and enforceability of the arbitration agreement itself, and does not identify an illegality. Thus, even if Mr. Sayta rescinded the attorney-client agreement, the arbitration clause was severable and enforceable. And the fee dispute fell within that clause, under which the parties "agree[d] that any dispute with respect to [the] agreement or representation."[50] The parties therefore agreed to arbitrate the fee dispute and the JAMS arbitrator had jurisdiction to resolve the matter.

The court also rejects Mr. Sayta's second argument — that he was deprived of his right to a "new trial" under the MFAA. The MFAA is "a separate and distinct arbitration scheme applicable to disputes between clients and attorneys over legal fees, costs, or both." *Robinson v. Greenberg Glusker Fields Claman & Machtinger LLP*, 203 Cal. App. 4th 688, 693 (2012). "MFAA arbitration is voluntary for the client, but mandatory for the attorney if commenced by the client." *Id.* (citing Cal. Bus. & Prof. Code § 6200(c)).

If an attorney "commences an action in any court or any other proceeding and the client is entitled to maintain arbitration under [the MFAA], . . . the client may stay the action or other proceeding" by requesting MFAA arbitration. Cal. Bus. & Prof. Code § 6201(b); *Schatz v. Allen*

---

[46] Memorandum in Support of Motion to Confirm – ECF No. 11-1; JAMS Final Award at 5.

[47] Opposition to Re-Noticed Motion to Confirm – ECF No. 41 at 7–8, 14–17.

[48] *Id.* at 8–11.

[49] *Id.* at 11–14.

[50] Attorney-Client Fee Agreement ¶ 9.

ORDER — No. 16-cv-03775-LB            11

*Matkins Leck Gamble & Mallory*, 45 Cal. 4th 557, 566 (2009) ("The term 'any other proceeding' . . . can be fairly inferred to include contractual arbitration under the CAA."). In fact, the client's request for MFAA arbitration will automatically stay the attorney's pending "action or other proceeding" until the MFAA arbitrator issues an award or the arbitration is otherwise terminated. Cal. Bus. & Prof. Code § 6201(c). The pending "action or other proceeding may thereafter proceed." *Id.*

Unlike contractual arbitration, MFAA arbitration is not automatically binding. *Schatz*, 45 Cal. 4th at 565. The parties may, however, agree to be bound by an MFAA award after "the dispute over fees, costs, or both, has arisen." Cal. Bus. & Prof. Code § 6204(a). But if they do not, either may request a new trial within 30 days of the award. *Id.*; *see* Vapnek, Tuft, Peck, and Wiener, Cal. Prac. Guide Prof. Resp. Ch. 5-K, § 51115.2 (The Rutter Group 2016). Yet the right to a "new trial" does not trump the parties' otherwise valid predispute agreement to arbitrate their disputes. *Schatz*, 45 Cal. 4th at 562, 572–73. In other words, "unless the parties agree to be bound by the MFAA arbitration," the case may proceed by "normal means" — including court litigation and "'other proceedings' such as binding arbitration pursuant to a predispute agreement between the parties." *Id.* at 572.

Here, according to Mr. Sayta, the following events took place in chronological order: (1) Mr. Martin initiated JAMS arbitration under the parties' agreement;[51] (2) JAMS held a hearing on the dispute;[52] (3) Mr. Sayta requested MFAA arbitration;[53] (4) the JAMS arbitration was stayed;[54] (5) the MFAA arbitrator issued an award in favor of Mr. Martin;[55] (6) Mr. Sayta filed this action, rejected the MFAA award, and requested a new trial;[56] and (7) the JAMS arbitration resumed and the arbitrator ruled in favor of Mr. Martin.[57]

---

[51] *See* FAC ¶¶ 5–9, 33.

[52] *Id.* ¶ 9.

[53] *Id.* ¶ 30.

[54] *Id.* ¶ 10.

[55] *Id.* ¶¶ 11, 31; MFAA Findings and Award at 19 (awarding Mr. Martin $8,345.25 plus interest).

[56] FAC ¶¶ 16, 32.

[57] *Id.* ¶ 18; JAMS Final Award at 5 (awarding Mr. Martin $20,202.47).

Mr. Sayta argues that the continuation of JAMS proceedings after the MFAA award deprived him of his right to a "new trial."[58] He asserts that "binding arbitration[] can be commenced only after the MFA[A] has taken its course."[59] But as shown above, the MFAA's statutory scheme (and the California Supreme Court's interpretation of it) specifically provides for this process. The JAMS arbitration (an "other proceeding") was properly stayed in favor of Mr. Sayta's MFAA election, and it properly resumed as the "normal means" of resolving the parties' disagreement in light of their predispute agreement to arbitrate. Mr. Sayta's right to a new trial does not trump that agreement. *See Schatz*, 45 Cal. 4th at 562, 572–73. And the process did not deprive Mr. Sayta of his right to a "new trial."

\*   \*   \*

Mr. Sayta does not establish a reason to vacate the award under either the FAA or CAA. The court therefore grants Mr. Martin's motion. The court directs Mr. Martin to submit a proposed order reflecting the total dollar value of the arbitration award (*i.e.* including any interest to which he is entitled). The court also directs Mr. Martin to file a proposed form of judgment.

## CONCLUSION

The court grants Mr. Martin's motion to compel arbitration of Mr. Sayta's claims. The court also confirms the JAMS arbitration award. The court administratively closes the case pending arbitration of Mr. Sayta's claims and directs Mr. Martin to file a proposed order and proposed form of judgment. The parties may reopen the case following arbitration.

**IT IS SO ORDERED.**

Dated: February 7, 2017

_____
LAUREL BEELER
United States Magistrate Judge

---

[58] Opposition to Re-Noticed Motion to Confirm at 8–11.

[59] *Id.* at 8.