UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHAUNAK SAYTA,<br><br>  Plaintiff,<br><br>  v.<br><br>BENNY MARTIN,<br><br>  Defendant. | Case No. 16-cv-03775-LB<br><br>**ORDER CONFIRMING ARBITRATION AWARD, AWARDING ACCRUED INTEREST, AND ADDRESSING MOTION FOR ATTORNEY'S FEES**<br><br>Re: ECF Nos. 57, 58 |

## INTRODUCTION

This case concerns the continuing disputes between plaintiff Shaunak Sayta and his former attorney Benny Martin. The parties have thrice arbitrated a fee dispute, once before the California State Bar and twice before JAMS. In each of these arbitrations, the arbitrators awarded Mr. Martin fees that Mr. Sayta allegedly owed him for legal services rendered in an unlawful-detainer case (and the resulting arbitrations). The court previously confirmed the first JAMS arbitration award. *Sayta v. Martin*, No. 16-cv-03775-LB, 2017 WL 491161 (N.D. Cal. Feb. 7, 2017) (*Sayta I*).[1] Mr. Martin now asks the court to confirm the second JAMS arbitration award and to award attorney's

---

[1] Order – ECF No. 47; *see also* Order – ECF No. 50. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 16-cv-03775-LB

fees and accrued interest pursuant to the parties' fee agreement.[2] Mr. Sayta opposes and argues that the arbitration award is unenforceable because (1) he is entitled to a "new trial" under California's Mandatory Fee Arbitration Act ("MFAA"), (2) his fee agreement and arbitration agreement with Mr. Martin is void, and (3) the arbitrator's decision was "completely irrational" and "manifestly disregarded the law."[3]

The court can decide this matter without a hearing, N.D. Cal. Civ. L.R. 7-1(b), and vacates the hearing set for September 20, 2018. Mr. Sayta's arguments — which this court already addressed and rejected in its prior order — are meritless. The court confirms the second JAMS arbitration award of $32,511.88 in favor of Mr. Martin and against Mr. Sayta. The court further grants Mr. Martin's motion for accrued interest and awards Mr. Martin $712.80 in interest. The court defers ruling on Mr. Martin's motion for attorney's fees pending additional information.

## STATEMENT

The court recounted the procedural history leading up to the parties' first JAMS arbitration award in its previous order, which it repeats here:

> In August 2014, Mr. Sayta hired Mr. Martin to represent him in a San Francisco-based unlawful detainer action. Mr. Sayta — previously an intern in Mr. Martin's office — is also an attorney. The parties entered into an attorney-client fee agreement, which Mr. Sayta attaches to his complaint. The agreement contains an arbitration clause that provides: "Attorney and Client agree[] that any dispute with respect to this agreement or representation will be resolved in JAMS arbitration in San Francisco, California." The parties also agreed that "[t]he prevailing party shall be entitled to recover reasonable attorney's fees, [] pro se or otherwise, in said action."
>
> A fee dispute arose after Mr. Sayta prevailed in his unlawful-detainer suit and the following process ensued. Mr. Sayta asserts that Mr. Martin did not timely provide him with billing records under California Business & Professions Code section 6148(b). On November 6, 2014, he emailed Mr. Martin and asked for the hours he spent on his unlawful-detainer case. He again requested that information on November 14. Mr. Martin responded on November 22 and said "I STILL have not put together the final invoice. I'm busy. And I will get to it next week." After Mr. Martin's response, Mr. Sayta "constantly attempted to follow up with [him] in regards to the hours spent/costs expended and the invoice." In January 2015, Mr.

---

[2] Martin Mot. to Confirm Arb. Award – ECF No. 57; Martin Mot. for Attorney's Fees – ECF No. 58.

[3] Sayta Opp'n – ECF No. 64.

ORDER – No. 16-cv-03775-LB          2

> Sayta filed a complaint with the California State Bar about Mr. Martin's failure to provide billing statements. Mr. Sayta received a final invoice on March 6, 2015.
>
> In April 2015, Mr. Martin initiated JAMS arbitration for unpaid fees under the parties' agreement. Mr. Sayta moved to dismiss the JAMS proceedings for lack of jurisdiction, asserting that the parties' contract was void and thus there was no agreement to arbitrate. But the arbitrator did not hear the motion "because [Mr. Sayta] did not pay the JAMS fees in the matter." The arbitrator held a hearing on the fee dispute on December 14, 2015.
>
> Mr. Sayta then requested arbitration under California's Mandatory Fee Arbitration Act ("MFAA"), which stayed the JAMS arbitration as of December 31, 2015. On June 13, 2016, the MFAA arbitrator ruled in favor of Mr. Martin and awarded him $8,345.25 plus interest. The JAMS proceedings then resumed.
>
> Mr. Sayta "submitted an application for a fee waiver to JAMS, which was acknowledged by JAMS on the same day." Two weeks later, he sent JAMS an email "inquiring about the status of the fee waiver application," which JAMS again acknowledged. Mr. Sayta then sued Mr. Martin here; he declare[d] that he reject[ed] the MFAA award and requests a new trial. But the JAMS arbitrator "proceeded to issue an interim award and subsequently a final award, based on the arbitration [hearing] that took place in December 2015." The JAMS Final Award, dated July 28, 2016, awards Mr. Martin $20,202.47 in fees, pre-judgment interest, and costs.

*Sayta I*, 2017 WL 491161, at *1–2 (citations omitted). On February 7, 2017, the court confirmed that the parties' arbitration agreement is valid and enforceable and confirmed the JAMS arbitration award. *Id.* at *1. The court entered a judgment in favor of Mr. Martin and against Mr. Sayta.[4] Mr. Sayta did not file an appeal.[5]

On February 8, 2017 — one day after the court issued its order — Mr. Sayta initiated a second JAMS arbitration proceeding.[6] Mr. Sayta characterized the second proceeding as something resembling appellate review of the first JAMS decision, writing, "I understand that some of these claims will overlap with the claims already decided. To the extent that the claims overlap, I am seeking to review those claims."[7] On June 14, 2018, the JAMS arbitrator issued a decision holding that all of Mr. Sayta's claims against Mr. Martin were barred by (1) the applicable statutes of

---

[4] Judgment – ECF No. 51.

[5] *See* Docket.

[6] Martin Mot. to Confirm Arb. Award Ex. A (Second JAMS Decision) – ECF No. 57-2 at 14; *see* Sayta Opp'n Ex. 7 (Demand for Arbitration Form) – ECF No. 64-9; Sayta Opp'n Ex. 9 (email re Sayta demand for arbitration) – ECF No. 64-10.

[7] Martin Mot. to Confirm Arb. Award Ex. A (Second JAMS Decision) – ECF No. 57-2 at 14.

limitations, (2) Mr. Sayta's failure to comply with JAMS rules, and (3) res judicata from the first JAMS decision and this court's order confirming the first JAMS arbitration award.[8] The JAMS arbitrator awarded Mr. Martin an additional $32,511.88 in fees and costs that Mr. Martin incurred defending against Mr. Sayta's second JAMS arbitration proceeding.[9]

## ANALYSIS

**1. Mr. Martin's Motion to Confirm the Second JAMS Arbitration Award**

Mr. Martin asks the court to confirm the June 14, 2018 JAMS arbitration award of $32,511.88 in his favor.

**1.1 Governing Law**

Under the Federal Arbitration Act ('FAA'), "'judicial review of an arbitration award is both limited and highly deferential.'" *Sayta I*, 2017 WL 491161, at *5 (quoting *Sheet Metal Workers' Int'l Ass'n Local 359 v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996)). A court must grant a party's motion to confirm an arbitration award if:

> (a) the parties have agreed that a specified court may enter judgment upon the award; (b) any party to the arbitration award applies to the specified court for confirmation of the award within a year of its issuance; and (c) the court does not vacate, modify, or correct the award under Section 10 or 11 of the FAA.

*Id.* (quoting *Pac. West Sec., Inc. v. George*, No. C-13-4260 JSC, 2014 WL 894843, at *2 (N.D. Cal. Mar. 4, 2014) (citing 9 U.S.C. § 9)). If the parties have not specified a court in their agreement, then the application to confirm the award may be made to the district court where the award was made. *Id.* (citing 9 U.S.C. § 9). And under the California Arbitration Act, the court must similarly confirm an arbitration award unless it corrects or vacates the award or dismisses the proceeding. *Id.* (citing Cal. Civ. Proc. Code § 1286).

---

[8] *Id.* at 17–26.

[9] *Id.* at 27.

ORDER – No. 16-cv-03775-LB    4

**1.2 Application**

Mr. Sayta raises a number of arguments as to why the court should not confirm the second JAMS arbitration award. None of them have merit.

Mr. Sayta first argues that under California's Mandatory Fee Arbitration Act, he has a right to a "new trial" and therefore cannot be bound by an arbitration award. The court previously rejected this argument, *Sayta I*, 2017 WL 491161, at *6–7, which is wholly without merit. Mr. Sayta cites to *Schatz v. Allen Matkins Leck Gamble & Mallory LLP*, 45 Cal. 4th 557 (2009), to support his argument — but that case actually says exactly the opposite of what Mr. Sayta suggests that it says. As the California Supreme Court explained in *Schatz*:

> [W]hile the MFAA provides that 'either party shall be entitled to a trial after MFAA arbitration' ([Cal. Bus. & Prof. Code] § 6204, subd. (a)), the right granted is simply to a trial in accordance with applicable law. The MFAA confers no immunity from valid defenses, such as the existence of a contractual obligation to arbitrate. . . . Therefore, [for] a person who has agreed in writing to arbitrate a dispute, the right to "a trial for" (§ 6204, subd. (a)) granted in the MFAA would appear to be subject to a demurrer or summary judgment motion designed to compel contractual arbitration.

*Id.* at 572–73. The California Supreme Court expressly rejected the argument that Mr. Sayta advances here that a party to a binding arbitration agreement can "evade [his] agreement to arbitrate if . . . [he] invokes the MFAA," holding that "the MFAA does not stand as an obstacle to the enforcement of a valid agreement to arbitrate[.]" *Id.* at 575.

Mr. Sayta next argues that his arbitration agreement with Mr. Martin is void and therefore unenforceable. The court previously rejected this argument, *Sayta I*, 2017 WL 491161, at *4–5, and Mr. Sayta provides no meritorious basis for reconsidering that ruling here. In any event, this argument provides Mr. Sayta with no basis for attacking the second JAMS arbitration award when it was Mr. Sayta, and not Mr. Martin, who initiated the second JAMS arbitration proceeding in the first place. Having made the choice to initiate that arbitration, Mr. Sayta cannot now be heard to complain that he is not bound by it just because its result was not to his liking.

Mr. Sayta next argues that the arbitrator's decision in the second JAMS arbitration award was "completely irrational" and "manifestly disregarded the law." Under the FAA, an arbitration award can be vacated if the award is "completely irrational" or exhibits a "manifest disregard of

law." *Sanchez v. Elizondo*, 878 F.3d 1216, 1221–22 (9th Cir. 2018) (citing cases). This is a "high standard." *Id.* at 1221 (quoting *Lagstein v. Certain Underwriters at Lloyd's*, 607 F.3d 634, 641 (9th Cir. 2010)). "It is not enough . . . to show that the [arbitrator] committed an error — or even a serious error." *Id.* "It is only when an arbitrator strays from interpretation and application of the agreement and effectively 'dispenses his own brand of industrial justice' that his decision may be unenforceable." *Id.* (some internal quotation marks and internal brackets omitted) (quoting *Stolt-Nielsen S.A. v. Animal-Feeds Int'l Corp.*, 559 U.S. 662, 671 (2010)); *see also id.* at 1223 ("Manifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law. To vacate an arbitration award on this ground, it must be clear from the record that the arbitrators recognized the applicable law and then ignored it.") (internal quotation marks omitted) (quoting *Biller v. Toyota Motor Corp.* 668 F.3d 655, 665 (9th Cir. 2012)).[10] Mr. Sayta has not met that high standard of showing that the arbitrator manifestly disregarded the law or that his decision was completely irrational.[11]

The court confirms the second JAMS arbitration award.

## 2. Mr. Martin's Motion for Accrued Interest

Mr. Martin asks the court to award interest on the second JAMS arbitration award accruing at $8.91 a day.

---

[10] The standard for vacating an arbitration award under the CAA is higher. "[M]anifest disregard of the law [is] a basis for challenging an arbitration award available under the FAA but not the CAA." *Mave Enters., Inc. v. Travelers Indem. Co. of Conn.*, 219 Cal. App. 4th 1408, 1422 (2013); *see also id.* ("A federal district court would be more likely to vacate or correct an arbitration award under the manifest disregard standard than a California superior court applying the standard of review under the CAA.") (citations omitted). Under the CAA, a court may vacate an arbitration award only for certain statutory reasons. *See* Cal. Civ. Proc. Code § 1286.2. "Unless one of the enumerated grounds exists, a court may not vacate an award even if it contains a legal or factual error on its face which results in substantial injustice. An arbitrator does not exceed his or her powers by making a legal or factual error or by giving erroneous reasons for an award." *Mave*, 219 Cal. App. 4th at 1431 (internal quotation marks and ellipsis omitted) (quoting *Harris v. Sandro*, 96 Cal. App. 4th 1310, 1313 (2002)).

[11] *See* Martin Mot. to Confirm Arb. Award Ex. A (Second JAMS Decision) – ECF No. 57-2 at 17–27 (considering and applying law); *cf. Sanchez*, 878 F.3d at 1223 (reversing district court decision vacating arbitration award where arbitrator "recognized the applicable law and then *applied* it" and holding that district court's opinion that the arbitrator misapplied the law did not justify vacatur) (emphasis in original).

ORDER – No. 16-cv-03775-LB            6

### 2.1 Governing Law

State law governs the rate of prejudgment interest on an arbitration award. *Fidelity Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004) (citing *Northrop Corp. v. Triad Int'l Mktg. S.A.*, 842 F.2d 1154, 1155–56 (9th Cir. 1988)). In California, the prejudgment interest rate is 10%. Cal. Civ. Code § 3289. Prejudgment interest in California accrues from the date of the arbitration award. *Id.* (citing *Pierotti v. Torian*, 81 Cal. App. 4th 17, 28 (2000)).

### 2.2 Application

Interest accrues on the second JAMS arbitration award of $32,511.88 at a rate of $3,251.19 a year, or $8.91 a day. Mr. Sayta advances no reason why interest should not be awarded in this case. The court awards Mr. Martin interest of $8.91 per day for 80 days (from June 14, 2018, the date of the arbitration award, to September 12, 2018, the date of this order), for a total of $712.80 of accrued interest.

## 3. Mr. Martin's Motion for Attorney's Fees

Mr. Martin asks the court to award him attorney's fees of $15,399.00 that he incurred in moving before this court to confirm the second JAMS arbitration award.[12]

### 3.1 Governing Law

California Civil Code § 1717(a) provides for the recovery of reasonable attorney's fees and costs to the prevailing party in a contract action if the contract provides for fee-shifting:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

---

[12] The claimed attorney's fees are solely for work on the motions before this court and do not include fees for any work done in the parties' arbitration at JAMS. *See* Yakobi Decl. – ECF No. 57-2 at 2–4 (¶¶ 7–9).

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Grp., Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). "The reasonable hourly rate is that prevailing in the community for similar work." *Id.* (citing *Margolin v. Regional Planning Comm'n*, 134 Cal. App. 3d 999, 1004–05 (1982)). "The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." *Id.* (citing *Serrano v. Priest*, 20 Cal. 3d 25, 39 (1977)). "After the trial court has performed the calculations of the lodestar, it shall consider whether the total award so calculated under all of the circumstances of the case is more than a reasonable amount and, if so, shall reduce the section 1717 award so that it is a reasonable figure." *Id.* at 1095–96.

Additionally, separate and apart from Section 1717(a), "a court may award fees if it finds that the losing party 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc. of Ariz.*, 84 F.3d 1186, 1192 (9th Cir. 1996) (quoting *Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maintenance, Inc.*, 707 F.2d 425, 428 (9th Cir. 1983)). "[A]n unjustified refusal to abide by an arbitrator's award may equate an act taken in bad faith, vexatiously or for oppressive reasons." *Id.* (quoting *Int'l Union*, 707 F.2d at 428).

### 3.2 Application

Mr. Martin's counsel has submitted a declaration when he filed his opening motions that listed his billing rate and the hours that he both had billed up to that point and the hours he expected to bill for work that was (at that point) still in the future, including drafting a reply for the motions, arguing the motions at a hearing, and preparing a proposed order and judgment. The court will not award attorney's fees based on forward-looking estimates that may or may not have turned out to be accurate.[13] "Counsel bears the burden of submitting detailed time records justifying the hours

---

[13] For example, counsel includes a discussion of time he expected to spend on arguing Mr. Martin's motions at a hearing, Yakobi Decl. – ECF No. 57-2 at 3 (¶ 7), but the court is vacating the hearing, so presumably this time will not end up being billed.

claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). Within one week from the date of this order, Mr. Martin's counsel may submit a new declaration and detailed time records justifying the hours claimed to have been expended.[14]

### 4. Mr. Martin's Request to "Amalgamate" His Arbitration Awards

Mr. Martin makes a passing request to have his arbitration awards "amalgamated."[15] A request to modify his arbitration awards (including to have them "amalgamated") should be made to the arbitrators, not this court.[16]

## CONCLUSION

The court confirms the second JAMS arbitration award of $32,511.88 in favor of Mr. Martin and against Mr. Sayta. The court further grants Mr. Martin's motion for accrued interest and awards $712.80 in interest, for a total award to Mr. Martin of $33,224.68. These awards are in addition to, and not in lieu of, the court's prior orders awarding Mr. Martin $21,286.35 in connection with the first JAMS arbitration award.[17]

---

[14] The declaration should also include information about Mr. Martin's counsel's skill, experience, and qualifications. Mr. Martin's counsel states that his rate is below market for an attorney with similar skill, experience, and qualifications, Yakobi Decl. – ECF No. 57-2 at 4 (¶ 9), but he does not say what his skill, experience, and qualifications are or explain how he came to the conclusion about market rates that he asserts.

[15] Martin Mot. for Attorney's Fees – ECF No. 58-1 at 14. This is not the subject of a motion but a request made in passing within his motion for attorney's fees and accrued interest.

[16] Mr. Martin's case citations on this point are inapposite. *Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966 (2d Cir. 1975), has been rejected by the Ninth Circuit and overruled in its own circuit. *Weyerhaeuser Co. v. Western Seas Shipping Co.*, 743 F.2d 635, 637 (9th Cir. 1984) ("Insofar as *Compania* holds that federal courts may order consolidation [of arbitration proceedings] in the absence of consent, we decline to follow it."); *United Kingdom v. Boeing Co.*, 998 F.2d 68, 74 (2d Cir. 1993) ("To the extent our decision in *Nereus* is based on the Federal Rules of Civil Procedure and the 'liberal purposes' of the Federal Arbitration Act, we hold that it is no longer good law."), *abrogated on other grounds by Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444 (2003). *New England Energy Inc. v. Keystone Shipping Co.*, 855 F.2d 1 (1st Cir. 1988), involves a Massachusetts state-law statute regarding consolidating arbitrations that has no applicability here. *Id.* at 3.

[17] Order – ECF No. 47; Order – ECF No. 50.

ORDER – No. 16-cv-03775-LB           9

The court defers ruling on Mr. Martin's motion for attorney's fees pending additional information and grants Mr. Martin one week to submit a declaration and detailed time records as set forth above.

**IT IS SO ORDERED.**

Dated: September 12, 2018

_____
LAUREL BEELER
United States Magistrate Judge