UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHAUNAK SAYTA, | Case No. 16-cv-03775-LB |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY'S FEES** |
| BENNY MARTIN, | Re: ECF No. 58 |
| Defendant. | |

## INTRODUCTION

This case concerns a long-running dispute between plaintiff Shaunak Sayta and his former attorney Benny Martin. The parties have thrice arbitrated a fee dispute, once in non-binding arbitration before the California State Bar and twice in binding arbitration before JAMS. In each of these arbitrations, the arbitrators awarded Mr. Martin damages for fees that Mr. Sayta allegedly owed him for legal services rendered in an unlawful-detainer case (and the resulting arbitrations).

After the first JAMS arbitration awarded damages to Mr. Martin, Mr. Martin moved the court to confirm the award. Mr. Sayta opposed. The court confirmed the first JAMS arbitration award

ORDER – No. 16-cv-03775-LB

and rejected Mr. Sayta's arguments. *Sayta v. Martin*, No. 16-cv-03775-LB, 2017 WL 491161 (N.D. Cal. Feb. 7, 2017) (*Sayta I*).[1]

One day after the court confirmed the first JAMS arbitration award, Mr. Sayta initiated a second JAMS arbitration against Mr. Martin. The second JAMS arbitration ended (after over a year of additional proceedings) with another award in favor of Mr. Martin. Mr. Martin moved the court to confirm the second JAMS arbitration award. Mr. Sayta opposed, raising the same arguments that he raised in opposing the first JAMS arbitration award and that the court had already rejected. The court rejected Mr. Sayta's arguments again and confirmed the second JAMS arbitration award. *Sayta v. Martin*, No. 16-cv-03775-LB, 2018 WL 4373034 (N.D. Cal. Sept. 12, 2018) (*Sayta III*).[2]

Mr. Martin moves for the attorney's fees he incurred in his motion for the court to confirm the second JAMS arbitration award and his motion for fees. (Mr. Martin is not moving the court for fees incurred in the second JAMS arbitration proceeding, only the fees incurred for proceedings before the court.) The court can decide this matter without a hearing. N.D. Cal. Civ. L.R. 7-1(b). The court grants Mr. Martin's motion in part and orders Mr. Sayta to pay Mr. Martin $6,923 in reasonable attorney's fees.

**STATEMENT**

The court recounted in its prior orders the procedural history of this litigation leading up to the confirmation of the second JAMS arbitration award, which it repeats here:

> In August 2014, Mr. Sayta hired Mr. Martin to represent him in a San Francisco-based unlawful detainer action. Mr. Sayta — previously an intern in Mr. Martin's office — is also an attorney. The parties entered into an attorney-client fee agreement, which Mr. Sayta attaches to his complaint. The agreement contains an arbitration clause that provides: "Attorney and Client agree[] that any dispute with respect to this agreement or representation will be resolved in JAMS arbitration in San Francisco, California." The parties also agreed that "[t]he prevailing party shall

---

[1] Order – ECF No. 47; *see also* Order – ECF No. 50. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 66.

be entitled to recover reasonable attorney's fees, [] pro se or otherwise, in said action."

A fee dispute arose after Mr. Sayta prevailed in his unlawful-detainer suit and the following process ensued. Mr. Sayta asserts that Mr. Martin did not timely provide him with billing records under California Business & Professions Code section 6148(b). On November 6, 2014, he emailed Mr. Martin and asked for the hours he spent on his unlawful-detainer case. He again requested that information on November 14. Mr. Martin responded on November 22 and said "I STILL have not put together the final invoice. I'm busy. And I will get to it next week." After Mr. Martin's response, Mr. Sayta "constantly attempted to follow up with [him] in regards to the hours spent/costs expended and the invoice." In January 2015, Mr. Sayta filed a complaint with the California State Bar about Mr. Martin's failure to provide billing statements. Mr. Sayta received a final invoice on March 6, 2015.

In April 2015, Mr. Martin initiated JAMS arbitration for unpaid fees under the parties' agreement. Mr. Sayta moved to dismiss the JAMS proceedings for lack of jurisdiction, asserting that the parties' contract was void and thus there was no agreement to arbitrate. But the arbitrator did not hear the motion "because [Mr. Sayta] did not pay the JAMS fees in the matter." The arbitrator held a hearing on the fee dispute on December 14, 2015.

Mr. Sayta then requested arbitration under California's Mandatory Fee Arbitration Act ("MFAA"), which stayed the JAMS arbitration as of December 31, 2015. On June 13, 2016, the MFAA arbitrator ruled in favor of Mr. Martin and awarded him $8,345.25 plus interest. The JAMS proceedings then resumed.

Mr. Sayta "submitted an application for a fee waiver to JAMS, which was acknowledged by JAMS on the same day." Two weeks later, he sent JAMS an email "inquiring about the status of the fee waiver application," which JAMS again acknowledged. Mr. Sayta then sued Mr. Martin here; he declare[d] that he reject[ed] the MFAA award and requests a new trial. But the JAMS arbitrator "proceeded to issue an interim award and subsequently a final award, based on the arbitration [hearing] that took place in December 2015." The JAMS Final Award, dated July 28, 2016, awards Mr. Martin $20,202.47 in fees, pre-judgment interest, and costs.

On February 7, 2017, the court confirmed that the parties' arbitration agreement is valid and enforceable and confirmed the JAMS arbitration award. The court entered a judgment in favor of Mr. Martin and against Mr. Sayta. Mr. Sayta did not file an appeal.

On February 8, 2017 — one day after the court issued its order — Mr. Sayta initiated a second JAMS arbitration proceeding. Mr. Sayta characterized the second proceeding as something resembling appellate review of the first JAMS decision, writing, "I understand that some of these claims will overlap with the claims already decided. To the extent that the claims overlap, I am seeking to review those claims." On June 14, 2018, the JAMS arbitrator issued a decision holding that all of Mr. Sayta's claims against Mr. Martin were barred by (1) the applicable statutes of limitations, (2) Mr. Sayta's failure to comply with JAMS rules, and (3) res judicata from the first JAMS decision and this court's order confirming the first JAMS arbitration award. The JAMS arbitrator awarded Mr. Martin an additional

> $32,511.88 in fees and costs that Mr. Martin incurred defending against Mr. Sayta's second JAMS arbitration proceeding.

*Sayta III*, 2018 WL 4373034, at *1–2 (citations omitted).

After the second JAMS arbitration award was issued, Mr. Martin's counsel asked Mr. Sayta whether he would be willing to stipulate to judgment of the second award and Mr. Martin's attorney's fees.[3] Mr. Sayta responded that he intended to move the court to vacate the second JAMS arbitration award.[4] Mr. Martin's counsel asked Mr. Sayta what his basis was for such a motion.[5] Mr. Sayta responded that he was not ready to confer with Mr. Martin's counsel on his basis for his purported motion to vacate and needed time, and that he planned to confer with Mr. Martin's counsel before filing such a motion.[6] Mr. Martin then filed a motion with the court to confirm the second JAMS arbitration award, for accrued interest, and for attorney's fees.[7] The court granted Mr. Martin's motion to confirm the arbitration award and for accrued interest, holding that Mr. Sayta's arguments in opposition were ones that the court had already rejected in its prior order confirming the first arbitration award and were meritless in any event. *Sayta III*, 2018 WL 4373034, at *3–4. The court deferred ruling on Mr. Martin's motion for attorney's fees and asked Mr. Martin's counsel to submit additional information about his billing rates and the actual hours spent on this proceeding, and about his skill, experience, and qualifications. *Id.* at *5 & nn.13–14. Mr. Martin's counsel thereafter submitted a supplemental declaration addressing these issues.[8]

---

[3] Yakobi Decl. Ex. D (email chain) – ECF No. 57-2 at 57.

[4] *Id.* at 58.

[5] *Id.* at 59.

[6] *Id.* at 60.

[7] Martin Mot. to Confirm Arb. Award – ECF No. 57; Martin Mot. for Attorney's Fees – ECF No. 58.

[8] Yakobi Supp. Decl. – ECF No. 69.

ORDER – No. 16-cv-03775-LB     4

# ANALYSIS

## 1. Governing Law

California Civil Code § 1717(a) provides for the recovery of reasonable attorney's fees and costs to the prevailing party in a contract action if the contract provides for fee-shifting:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Grp., Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). "The reasonable hourly rate is that prevailing in the community for similar work." *Id.* (citing *Margolin v. Regional Planning Comm'n*, 134 Cal. App. 3d 999, 1004–05 (1982)). "The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." *Id.* (citing *Serrano v. Priest*, 20 Cal. 3d 25, 39 (1977)). "After the trial court has performed the calculations of the lodestar, it shall consider whether the total award so calculated under all of the circumstances of the case is more than a reasonable amount and, if so, shall reduce the section 1717 award so that it is a reasonable figure." *Id.* at 1095–96.

Additionally, separate and apart from Section 1717(a), "a court may award fees if it finds that the losing party 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc. of Ariz.*, 84 F.3d 1186, 1192 (9th Cir. 1996) (quoting *Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maintenance, Inc.*, 707 F.2d 425, 428 (9th Cir. 1983)). "[A]n unjustified refusal to abide by an arbitrator's award may equate an act taken in bad faith, vexatiously or for oppressive reasons." *Id.* (quoting *Int'l Union*, 707 F.2d at 428).

## 2. Application

### 2.1 Awarding Reasonable Attorney's Fees

The parties' fee agreement provides that "[i]n the event it becomes necessary to institute an action at law to enforce this agreement or any part thereof, including recovery of fees and/or costs and expenses, the prevailing party in that action shall be entitled to recover reasonable attorneys' fees in said action." Mr. Martin was the prevailing party in the second JAMS arbitration proceeding and in the court's order confirming the second JAMS arbitration award. Per the parties' fee agreement and pursuant to Section 1717(a), Mr. Martin is entitled to his reasonable attorney's fees.[9]

Additionally, separate and apart from Section 1717(a), the court finds that Mr. Sayta has acted vexatiously and in bad faith, warranting an award of reasonable attorney's fees against him and for Mr. Martin. After the court confirmed the first JAMS arbitration award, Mr. Sayta initiated a new JAMS arbitration proceeding that consumed over a year of the parties' time and resources. After that second JAMS proceeding resulted in another award against him, Mr. Sayta said to Mr. Martin that he was going to bring a motion before the court to vacate the arbitration award (without providing an explanation of any good-faith basis for such a motion). After Mr. Martin filed a motion to confirm the arbitration award, Mr. Sayta opposed, forcing Mr. Martin to expend time and resources in replying and forcing the court to expend time and resources in deciding the issue. Mr. Sayta's arguments opposing confirmation of the second JAMS arbitration award were meritless and revealed that he had no good-faith basis for opposing the award. Among other things, Mr. Sayta's argument that he is not bound by the second JAMS arbitration proceeding — despite the fact that it was he, and not Mr. Martin, who initiated that proceeding in the first place

---

[9] Mr. Sayta argues that the court previously declined to award Mr. Martin attorney's fees and argues that the court should continue to decline to award fees now. Sayta Opp'n – ECF No. 64 at 24. The issue there was that Mr. Martin had been representing himself at that point and therefore had not "incurred" any attorney's fees as defined in Section 1717(a). *Sayta v. Martin*, No. 16-cv-03775-LB, 2017 WL 1295031, at *2 (N.D. Cal. Apr. 7, 2017) (Order – ECF No. 56) (*Sayta II*). Now, however, Mr. Martin is being represented by separate counsel and is incurring fees for that counsel's work. The court's earlier decision therefore provides no basis for Mr. Sayta to attack the attorney's-fees provision of the parties' agreement now.

— does not evince good faith. The court is also troubled by Mr. Sayta's continued misleading citations to case law. For example, in opposing the second JAMS arbitration award, Mr. Sayta represented that the California Supreme Court held in *Schatz v. Allen Matkins Leck Gamble & Mallory LLP*, 45 Cal. 4th 557 (2009), that the MFAA provides him with a right to a "new trial" after arbitration — when in fact that case said the opposite. *See Sayta III*, 2018 WL 4373034, at *3 ("The California Supreme Court expressly rejected the argument that Mr. Sayta advances here that a party to a binding arbitration agreement can 'evade [his] agreement to arbitrate if . . . [he] invokes the MFAA,' holding that 'the MFAA does not stand as an obstacle to the enforcement of a valid agreement to arbitrate[.]'") (quoting *Schatz*, 45 Cal. 4th at 575). Mr. Sayta persisted in this mischaracterization of *Schatz* in opposing the second JAMS arbitration award, despite the fact that the court explained *Schatz*'s actual holding and rejected this same argument in its order confirming the first arbitration award. *Sayta I*, 2017 WL 491161, at *7. Mr. Sayta did not acknowledge any of this when he miscited *Schatz* again in his second opposition. This is not the first time that Mr. Sayta has apparently miscited and mischaracterized case law: the California State Bar arbitrator similarly found that Mr. Sayta engaged in "overtly misleading use of case law and descriptions of facts" and "misrepresents what the cases say in order to make [his argument] work."[10]

The court finds that Mr. Sayta — in launching the second JAMS arbitration proceeding and then, when it resulted in an award against him, opposing confirmation of that award without a good-faith basis for doing so — acted vexatiously and in bad faith, and unreasonably multiplied the cost of these proceedings to Mr. Martin's detriment. An award of reasonable attorney's fees against Mr. Sayta and in favor of Mr. Martin is appropriate. *Cf. Sheet Metal Workers*, 84 F.3d at 1192.

### 2.2 Calculating Reasonable Attorney's Fees

Mr. Martin originally moved for an award of $15,399 in attorney's fees, based on (1) the time his counsel Rafael Yakobi had spent up to the point when he filed his motions and (2) an estimate

---

[10] Sayta Opp'n Ex. 2 (State Bar Decision) – ECF No. 64-3 at 6.

of the time his counsel expected to file on the replies and hearing.[11] The court deferred ruling on Mr. Martin's motion and asked Mr. Yakobi to submit a supplemental declaration and detailed time records of the actual hours he expended, as well as information about his skill, experience, and qualifications. *Sayta III*, 2018 WL 4373034, at *5 & nn.13–14 ("'Counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended.'") (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)). Mr. Yakobi submitted a supplemental declaration and billing records stating that he spent 41.2 hours on this proceeding and billed $435 an hour.[12] Multiplying 41.2 hours by $435 an hour would result in fees of $17,922. Mr. Martin did not revise upward his original request of $15,399 (nor did the court grant leave for him to revise his request), so the court will not award Mr. Martin more than $15,399. *Cf. Fong v. Beehler*, No. C-13-03021(EDL), 2013 WL 5913612, at *3 (N.D. Cal. Oct. 31, 2013). The court reviews Mr. Yakobi's supplemental declaration about his hours, billing rate, and skill, experience, and qualifications, to determine whether Mr. Martin's request for $15,399 in fees is reasonable.

When calculating reasonable attorney's fees, the court must consider both the reasonableness of the hourly billing rate and the number of hours required. *See Larfage Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341–42 (9th Cir. 1986) (citations omitted).

### 2.2.1 Hourly billing rate

To determine the appropriate lodestar amount, the reasonableness of the hourly billing rate must be assessed. *Credit Managers Ass'n of S. Cal. v. Kennesaw Life & Accident Ins. Co.*, 25 F.3d 743, 750 (9th Cir. 1994). In doing so, the court must look to the prevailing market rates in the relevant community for similar work by attorneys of comparable skill, experience, and reputation. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Generally, the relevant community is the forum where the district court sits. *Id.*

---

[11] Martin Mot. for Attorney's Fees – ECF No. 58.

[12] Yakobi Supp. Decl. – ECF No. 69 at 3 (¶ 5), 6 (¶ 6); Yakobi Supp. Decl. Ex. D – ECF No. 69 at 34–49.

Mr. Yakobi has two years of post-bar litigation federal-court and arbitration experience. Mr. Yakobi previously worked with the firms Krause Kalfayan Benink & Slavens LLP and Robbins Arroyo LLP on securities, antitrust, complex consumer, derivative, and whistleblower litigation and arbitration, before becoming a partner at The Crypto Lawyers LLP, a boutique firm focusing on issues concerning cryptocurrency and blockchain technology.[13] Mr. Yakobi is billing the work he did in this proceeding before the court at $435 an hour.[14] In support of this rate, Mr. Yakobi submitted an expert-witness declaration and exhibits from another case, *Former Shareholders of Cardiospectra Inc. v. Volcano Corp.*, No. 3:12-cv-01535-WHO (N.D. Cal. filed Mar. 27, 2012). The declaration and exhibits containing an excerpt from a database of attorney billing rates maintained by a third-party company called Valeo Partners that regularly monitors court filings and other public records for information on the rates that lawyers are declaring in filings such as motions for attorney's fees and bankruptcy fee petitions.[15] The entries for litigation attorneys in the Northern District with two years of post-bar experience included in this excerpt indicated that in 2013, these attorneys' billing rates ranged from $355 an hour to $480 an hour.[16] Courts in this district have found Valeo rates relevant but not dispositive. *Erickson Prods. Inc. v. Kast*, No. 5:13-cv-05472-HRL, 2017 WL 3670790, at *2 (N.D. Cal. Aug. 25, 2017) (citing *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 965 (N.D. Cal. 2014)); *Wynn v. Chanos*, No. 14-cv-04329-WHO, 2015 WL 3832561, at *2 (N.D. Cal. June 19, 2015) (finding Valeo rates "relevant, but not dispositive"). There is no one set matrix to be used in calculating a reasonable rate, and the court may consider evidence submitted by the parties as well as its own experience. *Wynn*, 2015 WL 3832561, at *2.

One fact that the court notes is that when Mr. Martin filed an earlier an motion for fees (back when he was representing himself), Mr. Martin — who had eight years of litigation experience at the time — claimed a billing rate of $485 an hour.[17] Mr. Yakobi's rate of $435 an hour for the

---

[13] Yakobi Supp. Decl. – ECF No. 69 at 4 (¶ 6.a).

[14] Yakobi Supp. Decl. – ECF No. 69 at 6 (¶ 6.b).

[15] *Id.* at 5 (¶ 6.b); Yakobi Supp. Decl. Ex. C – ECF No. 69 at 24–32.

[16] Yakobi Supp. Decl. Ex. C – ECF No. 69 at 31.

[17] Martin Decl. – ECF No. 52-2 at 4 (¶ 15), 7–8 (¶¶ 24–25).

same matter seems somewhat high by comparison, given his six fewer years of post-bar experience. Another point worth considering is that in May of this year, Mr. Yakobi's former firm Krause Kalfayan claimed an hourly rate of $300 an hour for Mr. Yakobi for his work in a complex antitrust class-action litigation and settlement.[18] Mr. Yakobi's current rate of $435 an hour seems somewhat high by comparison. The court also notes that Mr. Yakobi billed $335 an hour for his work on the second JAMS arbitration proceeding.[19] The court does not see a meaningful difference in the nature of the work done for the arbitration and the work done here in federal court that warrants a nearly 30% increase in fees here. In light of all of the above considerations, the court adopts the $335-an-hour rate that Mr. Yakobi billed for his work on the second JAMS arbitration proceeding as a reasonable rate.[20]

### 2.2.2 Number of hours billed

Mr. Yakobi billed 41.2 hours for his work in this proceeding before the court. Of those, 24.4 hours were spent on Mr. Martin's opening motion to confirm the arbitration award and motion for attorney's fees (split roughly 50/50 between the two motions). The court finds that this billing was excessive.

The motion to confirm the arbitration award could have been simple and straightforward. As Mr. Yakobi acknowledges and said to Mr. Sayta, the grounds for vacating an arbitration award are very limited.[21] Given that fact, and given that the court already issued an order confirming the first JAMS arbitration award and rejecting Mr. Sayta's arguments, there was little need to expend much attorney time in preparing a motion to confirm the second arbitration award or in relitigating the

---

[18] Pls. Mot. for Attorney's Fees, *Tawfilis v. Allergan, Inc.*, No. 8:15-cv-00307-JLS (C.D. Cal. filed May 2, 2018), ECF No. 391, at 27.

[19] Yakobi Decl. – ECF No. 57-2 at 4 (¶ 9); Yakobi Decl. Ex. A (Second JAMS Decision) – ECF No. 57-2 at 27. The JAMS arbitrator found that rate to be reasonable. Yakobi Decl. Ex. A. (Second JAMS Decision) – ECF No. 57-2 at 27.

[20] In so doing, the court does not mean to suggest what a reasonable rate might be for Mr. Yakobi's work on other matters, such as matters involving specialized issues like cryptocurrency and blockchain technology. The court adopts a rate of $335 an hour only for the work done here in light of all of the factors relevant in this case.

[21] Yakobi Decl. Ex. D (email chain) – ECF No. 57-2 at 59.

legal arguments around arbitration again. The court believes that the motion to confirm the second arbitration award could have been done in a fraction of the time that was expended on it.

In that same vein, the court finds that the billing for Mr. Martin's motion for attorney's fees was excessive. A simple motion to confirm arbitration would have required little in the way of attorney's fees, which in turn would have greatly reduced the need for an extensive attorney's fees motion. Conversely, by expending an excessive amount time on the motion to confirm arbitration and incurring significant fees, and then by expending more time on a fees motion and thereby incurring more fees-on-fees, Mr. Martin unnecessarily multiplied the proceedings. The court finds that five hours would have been reasonable for Mr. Martin's opening motions and reduces the number of hours billed for those motions by 19.4.

Once Mr. Sayta opposed Mr. Martin's motions, however, it was reasonable for Mr. Martin to reply and contest Mr. Sayta's opposition. The court finds that the time Mr. Yakobi expended on Mr. Martin's reply was reasonable.

The court has reviewed the remaining hours that Mr. Yakobi billed and finds them generally reasonable, with the exception of the 1.5 hours billed for preparing certificates of service and filing documents on ECF and the 0.4 hours billed for preparing a proposed judgment. These are tasks that a legal assistant or paralegal could handle and should not be billed at an attorney's billing rate. The court reduces the billing rate for that work by 60% to $135 an hour. *Cf. Erickson*, 2017 WL 3670790, at *2 (citing cases finding paralegal rates of $75 to $170 an hour reasonable).

In short, the court reduces the number of hours billed from 41.2 hours to 19.9 hours at an attorney rate and 1.9 hours at a legal assistant or paralegal rate.

### 2.2.3 Calculation

Adding 19.9 hours of billed time at a rate of $335 an hour to 1.9 hours of billed time at a rate of $135 an hour results in a total of $6,923. The court awards Mr. Martin $6,923 in reasonable attorney's fees.

## CONCLUSION

The court awards Mr. Martin reasonable attorney's fees of $6,923 and orders Mr. Sayta to pay Mr. Martin $6,923. This award is in addition to, and not in lieu of, the court's prior orders awarding Mr. Martin $21,286.35 in connection with the first JAMS arbitration award and $33,224.68 in connection with the second JAMS arbitration award.

**IT IS SO ORDERED.**

Dated: September 26, 2018

LAUREL BEELER
United States Magistrate Judge