UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHAUNAK SAYTA, | Case No. 16-cv-03775-LB |
| Plaintiff-Counterdefendant, | |
| v. | **ORDER TO SHOW CAUSE** |
| | Re: ECF No. 86 |
| BENNY MARTIN, | |
| Defendant-Counterclaimant. | |

The court entered judgments totaling $61,434.03 in favor of defendant-counterclaimant Benny Martin and against plaintiff-counterdefendant Shaunak Sayta.[1] Following judgment, on October 25, 2018, Mr. Sayta entered a "Substitution of Attorney" signed by himself and his new counsel, John E. Cowan.[2] This substitution stated that "[n]otice is hereby given that Shaunak Sayta, plaintiff herein, hereby substitutes the Law Offices of John E. Cowan as his counsel of record in the above-captioned matter" and did not purport to limit in any way the scope of Mr. Cowan's representation.[3]

---

[1] Judgment – ECF No. 51 ($21,286.35); Judgment – ECF No. 71 ($40,147.68). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Sayta Substitution of Attorney – ECF No. 72.

[3] *Id.*

ORDER – No. 16-cv-03775-LB

Mr. Martin states that he served post-judgment document requests and interrogatories to Mr. Sayta on Mr. Cowan's office on October 31, 2018.[4] Mr. Martin further states that he served a third-party subpoena to Mr. Cowan on November 14, 2018.[5] Mr. Martin further states that neither Mr. Sayta nor Mr. Cowan ever served any objections or responses to his document requests, interrogatories, or subpoena.[6] Instead, Mr. Cowan took the position that he represents Mr. Sayta only in connection with Mr. Sayta's appeal to the Ninth Circuit and not in connection with this case in district court, and thus that service of post-judgment discovery on Mr. Sayta via Mr. Cowan was improper.[7] Mr. Sayta also apparently took the position that post-judgment discovery is inappropriate in light of the fact that he is appealing the judgments against him.[8]

On December 17, 2018, Mr. Martin moved for leave to file a motion to compel.[9] The court denied the motion without prejudice in lieu of the meet-and-confer and joint-letter-brief requirements set out in its standing order.[10] In doing so, the court expressly noted that Mr. Cowan had offered to meet and confer with Mr. Martin in early January 2019 about the discovery disputes.[11] "The court assume[d] that Mr. Cowan's offer was made in good faith and, therefore, that Mr. Cowan is authorized to represent Mr. Sayta with respect to Mr. Martin's discovery requests. On that assumption, the court denies without prejudice Mr. Martin's motion for leave to

---

[4] Discovery Letter Br. – ECF No. 86 at 1; Martin Interrogs. and Doc. Reqs. Proof of Service – ECF No. 86 at 28–30.

[5] Discovery Letter Br. – ECF No. 86 at 1; Martin Subpoena Proof of Service – ECF No. 86 at 34.

[6] Discovery Letter Br. – ECF No. 86 at 1.

[7] *Id.*

[8] *Id.* Mr. Cowan raises several additional objections with respect to the subpoena directed at him, including that it incorrectly named Mr. Cowan's firm and seeks records protected by attorney-client privilege. *Id.* at 2.

[9] Martin Mot. for Leave to File Mot. to Compel – ECF No. 77.

[10] Order – ECF No. 80.

[11] *Id.* at 2 (quoting Martin Mot. for Leave to File Mot. to Compel Ex. I (letter) – ECF No. 77-9 at 2).

file a motion to compel."[12] Neither Mr. Sayta nor Mr. Cowan filed anything on the docket disputing that assumption.[13]

Mr. Martin's counsel and Mr. Cowan subsequently met and conferred in person.[14] At that meet and confer, Mr. Cowan apparently continued to take the position that he does not represent Mr. Sayta in district court and thus service of post-judgment discovery on his office was improper.

The court is disturbed by Mr. Sayta's and Mr. Cowan's apparent position that Mr. Cowan does not represent Mr. Sayta in this case before this court, despite Mr. Cowan's entering an unqualified appearance on behalf of Mr. Sayta in this case before this court. The court cannot think of a basis under which Mr. Cowan can enter an appearance for Mr. Sayta and then disclaim that he represents Mr. Sayta, and neither Mr. Sayta nor Mr. Cowan has provided one.

The court therefore orders Mr. Sayta and Mr. Cowan to show cause (1) why Mr. Cowan should not be deemed to represent Mr. Sayta in this case before this court for all purposes, (2) why Mr. Martin's document requests and interrogatories to Mr. Sayta should not be deemed to have been properly served on Mr. Sayta via Mr. Cowan, (3) why Mr. Sayta should not be deemed to have waived all objections to Mr. Martin's document requests and interrogatories by failing to timely serve responses and objections on Mr. Martin, and (4) why Mr. Sayta should not be compelled to produce all documents requested and respond to all interrogatories. Specifically, by January 22, 2019:

1. Mr. Sayta must file on the docket a declaration sworn under penalty of perjury listing all persons who have represented him in this case before this court, the date such representation began, and the date such representation ended,

2. Mr. Cowan must file on the docket a declaration sworn under penalty of perjury stating whether he represents Mr. Sayta with respect to this case before this court and, if he maintains that he does not, explaining why he signed the Substitution of Attorney filed

---

[12] *Id.*

[13] *See* Docket.

[14] Discovery Letter Br. – ECF No. 1.

before this court if he does not represent Mr. Sayta before this court, together with citations to any authorities that support his claim that he can appear for Mr. Sayta before this court and then claim that he does not represent Mr. Sayta before this court, and

3. Mr. Sayta may submit a letter of not more than two single-spaced pages raising all other arguments, together with citations to relevant authorities, that he wishes the court to consider in evaluating whether the court should compel him to respond to Mr. Martin's document requests and interrogatories and overrule any objections.[15]

Mr. Martin and Mr. Cowan are additionally each ordered to personally appear before the court on January 31, 2019, at 9:30 a.m. and show cause.

The court will address Mr. Martin's motion to compel Mr. Sayta to respond to his document requests and interrogatories and to compel Mr. Cowan to respond to his subpoena in conjunction with this show-cause order. The court grants Mr. Martin's request to continue the debtor examination of Mr. Sayta currently set for January 18, 2019, and grants leave for Mr. Martin to request a new examination date once the pending discovery issues have been resolved.

**IT IS SO ORDERED.**

Dated: January 16, 2019

LAUREL BEELER
United States Magistrate Judge

---

[15] Mr. Martin may submit a written reply of not more than two single-spaced pages by January 25, 2019.