United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHAUNAK SAYTA, | Case No. 16-cv-03775-LB |
| Plaintiff-Counterdefendant, | |
| v. | **ORDER ADDRESSING DISCOVERY JOINT LETTER BRIEF** |
| BENNY MARTIN, | Re: ECF No. 99 |
| Defendant-Counterclaimant. | |

The court assumes the reader's familiarity with the subject matter and procedural history of this case.[1] Briefly stated, the court entered judgments totaling $61,434.03 plus interest in favor of defendant-counterclaimant Benny Martin and against plaintiff-counterdefendant Shaunak Sayta.[2] Mr. Martin seeks to take post-judgment discovery of Mr. Sayta. The parties have raised discovery disputes in a joint letter brief.[3] The court can address the letter brief without a hearing. N.D. Cal. Civ. L.R. 7-1(b). The court issues the following orders and guidance.

---

[1] For a fuller description of the subject matter and procedural history of this case, see the court's September 26, 2018 order. *Sayta v. Martin*, No. 16-cv-03775-LB, 2018 WL 4677456 (N.D. Cal. Sept. 26, 2018) (Order – ECF No. 70). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Judgment – ECF No. 51 ($21,286.35); Judgment – ECF No. 71 ($40,147.68).

[3] Joint Letter Br. – ECF No. 99.

ORDER – No. 16-cv-03775-LB

## 1. Mr. Martin's Document Requests and Interrogatories to Mr. Sayta

### 1.1 Timeliness of Objections and Waiver

At the January 31, 2019 hearing, the court and the parties discussed the issue of service of Mr. Martin's document requests and interrogatories on Mr. Sayta and Mr. Sayta's responses thereto. In the end, the court deemed (1) that the document requests and interrogatories were properly served on Mr. Sayta, and (2) Mr. Sayta had provided responses (which include objections).[4] As discussed at the January 31 hearing, the court denies Mr. Martin's request to deem Mr. Sayta's objections waived in toto as untimely. That is of course not to say that Mr. Sayta's objections are necessarily valid, only that the court denies the request to deem them all per se invalid for untimeliness.

### 1.2 Substance of Objections

The court does not endeavor to address individually each of the 89 document requests and 16 interrogatories and the objections thereto. Many if not most of the objections are boilerplate that has been copied-and-pasted for each request. The court issues the following general orders and guidance.

<u>General objections:</u> As a judgment creditor, Mr. Martin is entitled to broad discovery regarding Mr. Sayta's assets. *Forreststream Holdings Ltd v. Shenkman*, No. 16-cv-01609-LB, 2018 WL 6522218, at *4 (N.D. Cal. Dec. 11, 2018) ("'The judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.'") (internal brackets omitted) (quoting *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. C 06-3219 JW (RS), 2009 WL 5114077, at *1 (N.D. Cal. Dec. 18, 2009)). "'A judgment creditor is therefore ordinarily entitled to a very thorough examination of a judgment debtor with respect to [his] assets, including discovery of the identity and location of any of the judgment debtor's assets, wherever located." *Id.* (quoting *Ryan*, 2009 WL 5114077, at *1). Mr. Martin's document requests

---

[4] *See* Order – ECF No. 96 at 1.

and interrogatories appear to be relevant in light of his right to examine Mr. Sayta's assets.[5] Mr. Sayta thus "has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting [his] objections with competent evidence." *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citing *DirecTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2012)). Mr. Sayta's boilerplate objections on the basis of relevance, vagueness, overbreadth, or the like, do not meet this burden — and Mr. Sayta does not in the joint letter brief offer any further arguments, explanation, or evidence that supports his objections.[6] That said, the court will give Mr. Sayta one last chance. Mr. Sayta must meet and confer with Mr. Martin and clarify, explain, and support his objections and provide any evidence he has in support of his objections. If the parties are unable to resolve their disputes through this further meet and confer, they may submit a further joint letter brief by February 28, 2019 that complies with the standards set out below. Should Mr. Sayta fail to do so, the court will overrule his objections.

Privilege and work-product objections: "'The party asserting the attorney-client privilege has the burden of establishing the existence of an attorney-client relationship and the privileged nature of the communication.'" *United States v. Facebook, Inc.*, No. 16-cv-03777-LB, 2018 WL 3746796, at *1 (N.D. Cal. Apr. 30, 2018) (internal brackets omitted) (quoting *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009)). "In other words, 'the party asserting the privilege bears the burden of proving each essential element' of the attorney-client-privilege test." *Id.* (internal brackets omitted) (quoting *Ruehle*, 583 F.3d at 608). Likewise, "[t]he party asserting work-product protection has the burden of establishing that the work-product doctrine applies to

---

[5] As the court does not address each request individually, the court does not foreclose the possibility that there may be certain particular requests that call for irrelevant information, but by and large the requests appear to be relevant.

[6] Contrary to Mr. Sayta's claim, Sayta Decl. – ECF No. 99-1 at 2 (¶ 3), given that Mr. Martin's requests appear to be relevant, it is not Mr. Martin's burden to provide his arguments in support of each request individually to Mr. Sayta for Mr. Sayta to "consider" — it is Mr. Sayta's burden to show why he should not be required to respond to Mr. Martin's requests.

ORDER – No. 16-cv-03775-LB    3

the document or tangible thing in question." *Id.* at *2 (citing *Callwave Commc'ns, LLC v. Wavemarket, Inc.*, No. C 14-80112 JSW (LB), 2015 WL 831539, at *2 (N.D. Cal. Feb. 23, 2015)). For any documents or information that Mr. Sayta objects to producing on the basis of privilege or work-product protection, Mr. Sayta must, at a minimum, log such documents or information on a privilege log that conforms to the requirements set out in the court's standing order and produce that privilege log to Mr. Sayta. Mr. Sayta must begin producing that privilege log to Mr. Martin by February 28, 2019 and, if he does not produce the complete privilege log by then, must meet and confer with Mr. Martin to discuss the general number of documents that remain to be logged. Mr. Sayta must in any event complete production of his full privilege log by March 18, 2019. Should the parties have disputes regarding privilege or work-product claims, they must meet and confer, with Mr. Sayta bearing the ultimate burden of establishing that any documents or information he objects to producing is privileged or work-product protected.[7] Should Mr. Sayta fail to do so, the court will overrule his objections.

### 1.3 Place and Manner of Production

Mr. Martin claims that Mr. Sayta will only produce responsive documents if Mr. Martin pays him $500 for photocopying and mailing costs or, alternatively, will make responsive documents available to Mr. Martin for inspection and copying only in India. With respect to the latter proposal, Mr. Sayta does not have the right to determine unilaterally where production will be made or to demand that Mr. Martin travel to India in order to inspect documents. "The requesting party gets to choose the time, as well as the place, for the inspection," provided that "the time and place [are] 'reasonable.'" The Rutter Group, *Federal Civil Procedure Before Trial* § 11:1888

---

[7] As Mr. Martin raises the question of whether documents or information relating to attorney's fees is privileged, the court notes that "'attorney-client privilege embraces attorney time, records and statements to the extent that they reveal litigation strategy and the nature of the services provided. However, simply the number of hours billed, the parties' fee arrangement, costs and total fees paid do not constitute privileged information." *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 11-3638-SC, 2013 WL 707918, at *1 (N.D. Cal. Feb. 26, 2013) (quoting *Real v. Cont'l Grp., Inc.*, 116 F.R.D. 211, 213 (N.D. Cal. 1986)).

(2018 ed.); *see* Fed. R. Civ. P. 34(b) ("The request: . . . must specify a reasonable time, place, and manner for the inspection[.]"); *see also* Fed. R. Civ. P. 26(c)(1)(B) (the court may "specify[] terms, including the time and place . . ., for the disclosure or discovery"). With respect to copying costs, the court cannot determine from the parties' joint letter brief whether Mr. Sayta genuinely would bear any costs in producing documents to Mr. Martin or not. (For example, it is not clear whether Mr. Sayta's responsive documents exist in electronic format and can be electronically transmitted to Mr. Martin without any cost, or whether documents exist only in hard copy and would need to be photocopied or scanned, and if so, how many documents there are and what the cost of photocopying or scanning them would be). With the guidance that Mr. Sayta may not unilaterally demand that Mr. Martin inspect documents only in India, the court directs the parties to further meet and confer regarding the specifics of production, including the specifics of any claimed costs. If the parties are unable to resolve their disputes through this further meet and confer, they may submit a further joint letter brief by February 28, 2019 that complies with the standards set out below.

### 1.4 Obligation to Produce Responsive Documents and Information

The court reaffirms and reiterates its earlier order that Mr. Sayta must fully respond to Mr. Martin's requests (subject to any valid objections) by March 18, 2019.

## 2. Mr. Martin's Subpoena to Mr. Cowan

Mr. Martin states that Mr. Cowan was personally served with a subpoena on November 14, 2018.[8] The proof of service attached to the subpoena does not reflect that it was personally served on Mr. Cowan.[9] Mr. Cowan has previously disputed that he was properly served.[10]

---

[8] Joint Letter Br. – ECF No. 99 at 4 (citing Joint Letter Br. Ex. A).

[9] Joint Letter Br. Ex. A – ECF No. 99 at 36, 40.

[10] Cowan Decl. – ECF No. 90 at 3 (¶ 5).

ORDER – No. 16-cv-03775-LB     5

The court discussed this issue with the parties at the January 31, 2019 hearing. Among other things, the court noted that Mr. Cowan was personally present at the hearing and that Mr. Martin could cure any potential service issue by serving Mr. Cowan in person then. The court encouraged the parties and Mr. Cowan to meet and confer to cooperatively work through any attendant issues.

It is not clear whether Mr. Martin served Mr. Cowan after the January 31 hearing. It is also not clear whether Mr. Martin tried to meet and confer with Mr. Cowan specifically (as opposed to just copying Mr. Cowan on emails directed to Mr. Sayta).

The court is not going to rule on whether Mr. Martin did or did not properly serve Mr. Cowan in November 2018, or whether any objections by Mr. Cowan are or are not waived due to untimeliness, on the basis of the limited one paragraph that Mr. Martin submits here. The court notes to Mr. Martin that if he truly wants discovery from Mr. Cowan, his time might be better spent in more productive ways that move the ball forward rather than in repeating his already-raised arguments about service in November and untimeliness, without more.

### 3. Joint-Letter-Brief Procedures

The court's standing order imposes a five-page limit on discovery letter briefs, absent leave of the court. That limit is not five pages per party: it is five pages for the full brief. Future discovery letter briefs must conform to this requirement.[11]

Additionally, the court's standing order requires the parties to set forth each issue in a separate section that includes (1) a statement of the unresolved issue, (2) a summary of each parties' position (with citations to supporting facts and legal authority), and (3) each party's final proposed compromise. As the court's standing order explains, "[t]his process allows a side-by-side, stand-

---

[11] To the extent that the parties complain that five pages is a limited amount of space, the court notes that "'[t]he meet-and-confer and joint-letter-brief processes is meant to encourage parties to (1) talk with each other, see each other's positions, try to find areas of compromise, and work out disputes amongst themselves, and (2) narrow, sharpen, and focus the issues they cannot resolve before they present those issues to the court.'" *Updateme Inc. v. Axel Springer SE*, No. 17-cv-5054-SI (LB), 2018 WL 5734670, at *4 (N.D. Cal. Oct. 31, 2018) (quoting *Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-cv-00561-WHO (LB), 2018 WL 2294281, at *1 (N.D. Cal. May 21, 2018)).

alone analysis of each disputed issue." Future discovery letter briefs must conform to this requirement.

**IT IS SO ORDERED.**

Dated: February 19, 2019

_____
LAUREL BEELER
United States Magistrate Judge