UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHAUNAK SAYTA, | Case No. 16-cv-03775-LB |
| Plaintiff-Counterdefendant, | |
| v. | **ORDER ADDRESSING DISCOVERY DISPUTES** |
| BENNY MARTIN, | Re: ECF No. 110, 111 |
| Defendant-Counterclaimant. | |

The court assumes the reader's familiarity with the subject matter and procedural history of this case. Briefly stated, the court entered judgments totaling $61,434.03 plus interest in favor of defendant-counterclaimant Benny Martin and against plaintiff-counterdefendant Shaunak Sayta.[1] Mr. Martin seeks to take post-judgment discovery of Mr. Sayta. The parties raised discovery disputes in a joint letter brief.[2] Mr. Sayta then filed a supplemental individual letter brief.[3] The court can address the letter briefs without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court issues the following orders and guidance.

---

[1] Judgment – ECF No. 51 ($21,286.35); Judgment – ECF No. 71 ($40,147.68).

[2] Joint Letter Br. – ECF No. 110.

[3] Sayta Letter Br. – ECF No. 111.

First and foremost, the court is disturbed and disheartened by the continued acrimony and apparent inability of the parties to work cooperatively to try to resolve their differences that has pervaded this case from the outset and that shows no sign of abating now in the post-judgment discovery stage. This needs to stop. "The overarching principle for all discovery disputes is that the parties have an obligation to negotiate in good faith and cooperate in discovery." *Updateme Inc v. Axel Springer SE*, No. 17-cv-05054-SI (LB), 2018 WL 5734670, at *4 n.21 (N.D. Cal. Oct. 31, 2018) (citing *Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-cv-00561-WHO (LB), 2018 WL 2294281, at *1 (N.D. Cal. May 21, 2018)).

The parties need to begin talking in specifics. By this point, Mr. Sayta should be able to discuss what actual documents he has or doesn't have, what documents he will be producing versus withholding on the basis of an objection, and when he will be producing documents.[4] Similarly, Mr. Martin should be able to discuss what documents he is really seeking and what he thinks Mr. Sayta is improperly withholding, rather than just objecting generally or in the abstract to Mr. Sayta's objections to his requests.

The court therefore orders the parties to confer via telephone (or the equivalent) by March 12, 2019 for no less than **four hours**.[5] During that meet and confer, they must be prepared to discuss **with specificity** what documents they have, what documents will be produced, when they will be produced, what documents will be withheld, and why. The same goes true for interrogatory responses. The court reiterates that the parties have an obligation to negotiate in good faith and cooperate in discovery. *Updateme*, 2018 WL 5734670, at *4 n.21.

---

[4] The court notes that while the current deadline for the completion of discovery is March 18, 2019, there is no reason why Mr. Sayta cannot begin producing now documents that he has agreed to produce and that he can readily send to Mr. Martin. The parties' meet and confer may be more productive if they can discuss the requests and objections in the context of actual documents.

[5] The court acknowledges that Mr. Sayta is in India, but in this modern era, there are plenty of ways for parties to engage in a live conversation internationally without incurring long-distance charges (e.g., VoIP).

United States District Court
Northern District of California

The court provides these additional observations and guidance to the parties.

The parties should refrain from fighting over issues that ultimately will make no difference (e.g., fighting over objections for a document request when, even with objections, Mr. Sayta agrees to produce all of the documents that Mr. Martin wants anyway, or where no responsive documents exist to begin with). The parties should instead discuss their requests and responses with enough specificity so as to be able to figure out which issues matter and which issues do not.

Similarly, the parties should refrain from filing blunderbuss joint letter briefs raising a litany of scattershot objections to the other side's discovery practices in the abstract. "[T]he meet-and-confer and joint-letter-brief processes is meant to encourage parties to (1) talk with each other, see each other's positions, try to find areas of compromise, and work out disputes amongst themselves, and (2) narrow, sharpen, and focus the issues they cannot resolve before they present those issues to the court." *Updateme*, 2018 WL 5734670, at *4. "[T]he final joint letter brief should include only the core, central unresolved issues and all of the parties' arguments on those issues (including all the responses they have to the other side's arguments)." *Synopsys*, 2018 WL 2294281, at *1.[6]

The court is open to possibly extending the discovery deadlines to give the parties more time to meaningfully meet and confer. The court is not open to the parties' failing to negotiate in good faith and cooperate in discovery. With that guidance, the court orders the parties to further meet and confer, as discussed above.

**IT IS SO ORDERED.**

Dated: March 8, 2019

LAUREL BEELER
United States Magistrate Judge

---

[6] To that end, the parties must raise issues with each other early enough that they can meaningfully meet and confer on those issues and allow the other side a meaningful opportunity to respond. The parties may not "sandbag" each other by including new issues in a joint letter brief right before filing it with the court in a manner that does not give the other side a meaningful opportunity to respond.