UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHAUNAK SAYTA,<br><br>        Plaintiff,<br><br>    v.<br><br>BENNY MARTIN,<br><br>        Defendant. | Case No. 16-cv-03775-LB<br><br>**ORDER DENYING MOTIONS TO ENFORCE JUDGMENT AND FOR CIVIL CONTEMPT WITHOUT PREJUDICE**<br><br>Re: ECF Nos. 135–37 |

### INTRODUCTION AND STATEMENT

The court previously confirmed arbitration awards in favor of Shaunak Sayta's former lawyer, Benjamin Martin, and awarded him attorney's fees and costs.[1] Mr. Sayta appealed. The Ninth Circuit affirmed and entered judgment in Mr. Martin's favor against Mr. Sayta and his lawyer, John Cowan, for $47,372 attorney's fees and costs. *Sayta v. Martin*, No. 18-17090, Mem. Op. (9th Cir. Feb. 21, 2020); *id.*, Am. Mandate (9th Cir. Feb. 3, 2021). Mr. Martin obtained a writ of execution against Mr. Cowan and tried unsuccessfully to work out a payment plan with him. Mr. Cowan has not paid anything.[2] Now, Mr. Martin wants an order assigning Mr. Cowan's accounts receivable and office furniture and equipment to him. He also wants the court to hold Mr. Cowan in civil

---

[1] Orders – ECF Nos. 50, 70; Judgments – ECF Nos. 51, 71. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Writ – ECF No. 131; Martin Decl. – ECF No. 139 at 2–3 (¶¶ 2–5).

ORDER – No. 16-cv-03775-LB

contempt.[3] The court held a hearing on the motions on July 15, 2021. The court denies Mr. Martin's motions without prejudice. The assignment of the assets is premature: Mr. Martin has a writ of execution and should enforce it. Mr. Cowan has not violated any court orders, and civil contempt is not warranted.

## ANALYSIS

Under Federal Rule of Civil Procedure 69, a money judgment is enforced by a writ of execution. California law governs the enforcement of the writ of execution here. Fed. R. Civ. P. 69(a); *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996). Under California law, "after entry of a money judgment, a writ of execution shall be issued by the clerk of the court upon application of the judgment creditor." Cal. Civ. Proc. Code § 699.510. California has procedures for the assignment of assets and the issuance of turnover orders.

### 1. Accounts Receivable

California allows assignment of accounts receivable: "upon application of the judgment creditor on noticed motion, the court *may* order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditional upon future developments." Cal. Civ. Proc. Code § 708.510(a) (emphasis added).

> [The statute] provides a new procedure for reaching certain forms of property that cannot be reached by levy under writ of execution. . . . It also provides an optional procedure for reaching assignable forms of property that are subject to levy, such as accounts receivable. . . . This remedy may be used alone or in conjunction with other remedies provided in this title for reaching rights to payment, such as execution.

Cal. Civ. Proc. Code § 708.510, Legis. Comm. cmt. (1982). In determining whether to order an assignment, the court may consider all relevant factors, including the following:

> (1) The reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor[;] (2) Payments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support[;] (3) The amount remaining due on the money judgment[; and] (4) The amount being or to be received in satisfaction of the right to payment that may be assigned.

---

[3] Mots. – ECF Nos. 135, 136, 137.

*Id.* § 708.510(c). A right to payment may be assigned "only to the extent necessary to satisfy the money judgment." *Id.* § 708.510(d).

"The court has broad discretion in determining whether to order an assignment." *Telecom Asset Mgmt., LLC v. FiberLight, LLC*, No. 14-cv-00728-SI, 2016 WL 7188008, at *1 (N.D. Cal. Dec. 12, 2016) (cleaned up). "In order to ensure that an assignment is both warranted and permissible under section 708.510(a), courts require that a party seeking an assignment order identify the intended source or sources that are obligated to make payments to the judgment debtor." *Id.* "A request for a general assignment of all possible funds due to Defendant that does not identify any specific source of money to be assigned shall not be granted." *Id.* (cleaned up).

Mr. Martin has not tried to enforce the writ of execution or noticed any judgment-debtor exams. Thus, considering the factors in § 705.510(c), an assignment seems premature. For example, Mr. Martin may obtain discovery regarding the assets of judgment debtors. Fed. R. Civ. P. 69(b). That process would allow Mr. Martin to identify bank accounts, which are subject to a writ of execution. The court denies his motion without prejudice to his reasserting it later.

## 2. Turnover Order

California law allows the court to order property turned over to a judgment creditor:

> If a writ of execution is issued, the judgment creditor may apply to the court . . . for an order directing the judgment debtor to transfer to the levying officer either or both of the following: (1) Possession of the property sought to be levied upon if the property is sought to be levied upon by taking it into custody; (2) Possession of documentary evidence of title to property of or a debt owed to the judgment debtor that is sought to be levied upon. . . . The court may issue an order pursuant to this section upon a showing of need for the order.

Cal. Civ. Proc. Code § 699.040.

Again, a turnover order is premature. Mr. Martin has not tried to enforce the writ of execution or used the discovery procedures that Rule 69(b) affords. A turnover order is not a substitute for those processes. *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltd.*, No. 5:16-cv-06370-EJD, 2020 WL 264400, at *2 (N.D. Cal. Jan. 17, 2020). Moreover, Mr. Cowan contends that the

property at his rented office is not his.[4] Discovery will identify assets that are. And fundamentally, Mr. Martin has not shown need, such as dilatory tactics that might militate in favor of a turnover order. Cal. Civ. Proc. Code § 699.040(b); *UMG Recordings, Inc. v. BCD Music Group, Inc.*, No. CV 07-05808 SJO (FFMx), 2009 WL 2213678, at *4 (C.D. Cal. July 9, 2009) (judgment debtor refused to pay the judgment; the court held that a turnover order would "help curtail [the judgment debtor's] dilatory tactics.") There is no outright refusal here. Indeed, Mr. Cowan wants to negotiate payment within his means.[5]

### 3. Civil Contempt

Mr. Martin asks the court to hold Mr. Cowan in civil contempt.[6] "Civil contempt is characterized by the court's desire to compel obedience to a court order, or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) (citation omitted). Mr. Cowan wants to address the debt and has not disobeyed court orders. There is no conduct here that compels an order of contempt. *Cf. Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1413 (9th Cir. 1990) (party "continually disobeyed court orders and acted in willful disruption of the discovery process"); *Facebook, Inc. v. Power Ventures, Inc.*, No. 08-CV-05780-LHK, 2017 WL 3394754, at *9–10 (N.D. Cal. Aug. 8, 2017) (four court orders to pay discovery sanctions).

## CONCLUSION

The court denies the motions without prejudice.

**IT IS SO ORDERED.**

Dated: July 15, 2021

LAUREL BEELER
United States Magistrate Judge

---

[4] Opp'n – ECF No. 143 at 2.

[5] Martin Decl. Ex. 3 – ECF No. 139-3 at 2; Opp'n – ECF No. 142 at 5.

[6] Mot. – ECF No. 137.

ORDER – No. 16-cv-03775-LB            4