1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                                San Francisco Division

11   SHAUNAK SAYTA,                          Case No. 16-cv-03775-LB

12                    Plaintiff,

13        v.                                 **ORDER DENYING RECOVERY OF
                                             COSTS AND FEES IN PART AND
14   BENNY MARTIN, et al.,                   DENYING MOTION TO QUASH
                                             WITHOUT PREJUDICE**
15                    Defendants.
                                             Re: ECF Nos. 169, 170, 171, 173, 180
16

17                      **INTRODUCTION AND STATEMENT**

18        The court previously confirmed arbitration awards in favor of Shaunak Sayta's former lawyer,

19   Benjamin Martin, and awarded him attorney's fees and costs.[1] Mr. Sayta appealed.[2] The Ninth

20   Circuit affirmed and entered judgment in Mr. Martin's favor against Mr. Sayta and his lawyer, John

21   Cowan, awarding $47,372 attorney's fees and costs. *Sayta v. Martin*, No. 18-17090, Mem. Op. (9th

22   Cir. Feb. 21, 2020), ECF No. 37; *id.*, Am. Mandate (9th Cir. Feb. 3, 2021), ECF No. 47. The court

23   issued a Writ of Execution in the amount of $47,372 on September 20, 2021.[3] Mr. Martin served

24
25

26   ---
     [1] Orders – ECF Nos. 50, 70; Judgments – ECF Nos. 51, 71. Citations refer to material in the Electronic
     Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

27   [2] Notice of Appeal – ECF No. 73.

28   [3] Writ of Execution – ECF No. 165.

ORDER – No. 16-cv-03775-LB

United States District Court
Northern District of California

1    subpoenas on several third parties in an apparent effort to identify and levy Mr. Cowen's assets.[4]

2    Mr. Martin also filed a Memorandum of Costs on October 19, 2021 seeking costs and attorney's

3    fees incurred to enforce the Ninth Circuit's judgment.[5] Mr. Cowen moved to quash the subpoenas

4    on October 26, 2021 and objected to the Memorandum of Costs on November 2, 2021.[6]

5        On January 18, 2022, Mr. Martin filed an Application for a Writ of Execution claiming

6    $25,725.03 for an October 19, 2021 "judgment."[7] On the same day, Mr. Cowen objected on grounds

7    that there is no judgment to support Mr. Martin's Writ.[8] The purported "judgment" referenced in the

8    Writ appears to be an erroneous reference to Mr. Martin's Memorandum of Costs, which is the

9    subject of this order.

10       The court denies in part recovery of the costs claimed in the Memorandum of Costs. Most

11   costs sought therein are not claimable as a matter of right without a noticed motion, and the

12   majority of the claimed attorney's fees were not "reasonable and necessary." The court denies Mr.

13   Cowen's motion to quash without prejudice for failing to comply with the court's Standing Order

14   concerning discovery disputes. All parties have consented to magistrate jurisdiction.[9] The court

15   can decide the case without oral argument under Civil Local Rule 7-1(b).

16

17                                    **ANALYSIS**

18   **1. Statutory Framework: Recovery of Costs Incurred to Enforce a Judgment**

19       Absent an applicable federal statute, California law governs the enforcement of writs of

20   execution when the district court proceedings were held in California. Fed. R. Civ. P. 69; *Hilao v.*

21   *Est. of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996). California's Enforcement of Judgments Law is

22   codified as Title 9 of California's Code of Civil Procedure and provides a comprehensive scheme

23

24   ───────────────
     [4] Martin Decl. – ECF No. 176-1 at 2 and 6–18.

25   [5] Mem. of Costs – ECF No. 169.

26   [6] Mot. to Quash – ECF Nos. 170, 171; Obj. to Mem. of Costs – ECF No. 173.

27   [7] Writ of Execution – ECF No. 180 at 1.

     [8] Obj. Writ of Execution – ECF No. 181 at 2.

28   [9] Consents – ECF Nos. 5, 12.

United States District Court
Northern District of California

governing the enforcement of judgments. *Hilao*, 95 F.3d at 851. Courts should apply the Enforcement of Judgments Law "in a common sense manner." *Carnes v. Zamani*, 488 F.3d 1057, 1060 (9th Cir. 2007). Enforcement costs fall into two categories, those authorized as a matter of right (claimable through a memorandum of costs or noticed motion) and other costs that may be granted on a discretionary basis (claimable by noticed motion). *Xcentric Ventures, LLC v. Elizabeth Arden*, No. C 10-80058 SI, 2010 WL 5018386, at *2 (N.D. Cal. Dec. 3, 2010).

Costs that are available as a matter of right are identified in California Code of Civil Procedure § 685.070(a). *Xcentric Ventures*, 2010 WL 5018386, at *2. To obtain costs as a matter of right, the judgment creditor need only file a memorandum of costs with an attestation that the costs are correct, reasonable, necessary, and have not been satisfied. *Id.* To challenge the claimed costs, the judgment debtor has ten days after being served with the memorandum of costs to file either a noticed motion to have the costs taxed by the court or objections to the memorandum of costs. *Id.* (costs should be challenged through a noticed motion) (citing Cal. Civ. Proc. Code § 685.070(c)); *Schutza v. Walter E. Fielder, Inc.*, No. 18-CV-0257-BAS-LL, 2019 WL 5295075, at *2 (S.D. Cal. Oct. 18, 2019) ("The filing of objections to a memorandum of costs may be deemed a motion to tax costs where the motion was timely, and each item in the objections corresponds to each successive line in the other party's cost memorandum.") (citing 16 William Lindsley, Cal. Juris., 16 Cal. Jur. 3d Costs § 96 (3d ed. 2019)).

While judgment creditors may seek additional "reasonable and necessary" costs that are not specifically identified in § 685.070, the judgment creditor must file a noticed motion to request those costs. *Xcentric Ventures*, 2010 WL 5018386, at *2; *see also* Cal. Civ. Proc. Code § 685.080(a) ("The judgment creditor may claim costs authorized by Section 685.040 by noticed motion."). Regardless of whether costs are claimed through a noticed motion or a memorandum of costs, the request must be made before the judgment is fully satisfied. *Yeager v. Bowlin*, No. Civ. 2:08-102 WBS, 2015 WL 3795585, at *1 (E.D. Cal. June 17, 2015) ("Under either method [*i.e.*, a memorandum of costs or noticed motion], however, the judgement creditor must request postjudgment attorneys' fees before the underlying judgment is fully satisfied") (citing §§ 685.070(b), 685.080(a)).

1

2    **2. Recoverability of Attorney's Fees**

3         California law provides that judgment creditors may obtain attorney's fees incurred in

4    enforcing a judgment as a matter of right "if allowed by Section 685.040" by filing a noticed

5    motion or memorandum of costs. Cal. Civ. Proc. Code § 685.070(a)(6); *Carnes*, 488 F.3d at 1060

6    ("The judgment creditor may seek to recover attorney fees incurred in enforcing a judgment by

7    either filing a memorandum of costs or by serving a noticed motion."); *see also Love v. Guerrero*,

8    No. ED CV 13-1655-DMG(SPx), 2016 WL 11672296, at *1 (C.D. Cal. Oct. 31, 2016)

9    ("Attorney's fees are also allowable as of right, on the judgment creditor's memorandum of costs,

10   when those fees are authorized by statute or contract."); *but see Karnazes v. Hartford*, No.

11   A136400, 2014 WL 511089, at *1 (Cal. Ct. App. Feb. 10, 2014) (a noticed motion, rather than a

12   memorandum of costs, is required in order to claim attorney's fees incurred while attempting to

13   enforce a judgment under §§ 685.070 and 685.040), *as modified on denial of reh'g* (Mar. 3, 2014)

14   (unpublished). In this regard, § 685.040 provides that:

15           [t]he judgment creditor is entitled to the reasonable and necessary costs of
             enforcing a judgment. Attorney's fees incurred in enforcing a judgment are not
16           included in costs collectible under this title unless otherwise provided by law.
             Attorney's fees incurred in enforcing a judgment are included as costs collectible
17           under this title if the underlying judgment includes an award of attorney's fees to
             the judgment creditor pursuant to subparagraph (A) of paragraph (10) of
18           subdivision (a) of Section 1033.5.

19        The "second sentence of section 685.040 applies to noncontract cases" and provides that

20   attorney's fees may be recovered as costs if authorized by statute and expended to enforce a

21   judgment. *Rosen v. LegacyQuest*, 225 Cal. App. 4th 375, 382 (2014) ("When attorney fees are

22   authorized by statute, they have been 'otherwise provided by law' and thus may be recovered as

23   costs if expended to enforce a judgment.") (cleaned up). Regarding the reference to §

24   1033.5(a)(10)(A) in the last sentence of § 685.040, § 1033.5(a)(10)(A) provides that costs include,

25   "[a]ttorney's fees, when authorized by. . . [c]ontract." In sum, costs incurred to enforce a judgment

26   include attorney's fees when the underlying judgment included an award of attorney's fees

27   pursuant to a statute or contract.

28

United States District Court
Northern District of California

For example, in *Goldman v. Gagnard*, the prevailing party in an arbitration asked the court to confirm the arbitration award and then sought post-judgment attorney's fees incurred to enforce the judgment pursuant to § 685.040. No. 11-CV-03028 LHK, 2013 WL 4064878, at *1 (N.D. Cal. Aug. 6, 2013). The court found that post-judgment attorney's fees were recoverable under § 685.040 even though the total judgment was not itemized because attorney's fees were included in the underlying arbitration award. *Id.* at *3; *Cf. Imperial Bank v. Pim Elec., Inc.*, 33 Cal. App. 4th 540, 558 (1995) ("The absence of any fee award in the underlying judgment precludes the recovery of fees as costs in the trial court for enforcing the money judgment, and necessarily precludes the award of attorneys' fees on appeal."). Similarly, when attorney's fees are awarded under California Civil Code § 1717 (providing for the recovery of attorney's fees by the prevailing party on contract actions where the contract provides for an award of attorney's fees), then the prevailing party is entitled to attorney's fees incurred to enforce the judgment under § 685.040. *Logtale, Ltd. v. IKOR, Inc.*, No. 11-CV-05452-EDL, 2019 WL 12517082, at *2–3 (N.D. Cal. Jan. 18, 2019) (finding that "[s]ection 1033.5 includes attorney's fees authorized by contract under Cal. Civ. Proc. Code § 1717 as an allowable cost," and awarding plaintiff attorney's fees incurred to enforce judgment where the court "entered a judgment in Plaintiff's favor based on a contract that included an attorney's fees provision, awarded Plaintiff attorney's fees based on its success in that action, and those attorney's fees are part of the overall award that Plaintiff has been attempting to enforce.").

Furthermore, if the statute on which a judgment was based provides a right to attorney's fees, then attorney's fees incurred to enforce that judgment are recoverable costs under § 685.040. *York v. Strong,* 234 Cal. App. 4th 1471, 1477 (2015) ("[T]here was no need for the trial court to wrestle with the language of section 685.040 in this case, because our Supreme Court previously ruled in *Ketchum* that attorney fees incurred in an effort to enforce a fee judgment obtained under the anti-SLAPP law do qualify as recoverable costs under section 685.040 . . . .") (citing *Ketchum v. Moses*, 24 Cal. 4th 1122, 1141 n.6 (2001)); *Berti v. Santa Barbara Beach Props.*, 145 Cal. App. 4th 70, 77 (2006) (affirming award of attorney's fees incurred to enforce statutory attorney's fee award under California Corporations Code § 15634 (repealed 2010)).

United States District Court
Northern District of California

1    Attorney's fees incurred to enforce a judgment based on a federal statute are also recoverable

2    under § 685.040. *Erickson v. Sympathy for the Rec. Indus. ex rel. Mermis*, No. C10-00636 HRL,

3    2011 WL 1211533, at *2 (N.D. Cal. Mar. 30, 2011) (permitting the recovery of post-judgment

4    attorney's fees under § 685.040 where the underlying judgment was based on violations of the

5    Copyright Act, which provides for the recovery of reasonable attorney's fees to a prevailing party

6    as part of the costs (17 U.S.C. § 505)). On the other hand, a judgment awarding attorney's fees

7    under foreign law does not support a post-judgment fees award under § 685.040. *China Branding*

8    *Grp. Ltd. v. Tony Bobnlinski*, No. 2:20-CV-06759-RGK-JC, 2021 WL 1678976, at *2 (C.D. Cal.

9    Mar. 31, 2021) ("Though Plaintiff was awarded attorneys' fees in the Cayman action in

10   accordance with Cayman law, the award of fees was not pursuant to section 1717 of the California

11   Civil Code, nor any other statute that California courts have recognized as a basis to support an

12   award of attorneys' fees under § 685.040.").

13       Here, the Ninth Circuit dismissed Mr. Sayta's appeal in part, affirmed the court's confirmation

14   of an arbitration award to Mr. Martin, and then awarded $46,980 in attorney's fees and $392 in

15   double costs (totaling $47,372) to Mr. Martin against both Mr. Sayta and Mr. Cowan.

16   Memorandum, *Sayta v. Martin*, No. 18-17090, (9th Cir. Feb. 21, 2020), ECF No. 37-1; Am.

17   Mandate, *id.*, (9th Cir. Feb 3, 2021), ECF No. 47. Regarding the basis for the Ninth Circuit's fee

18   award, Mr. Martin asserted that the appeal was frivolous and sought costs and attorney's fees on

19   that basis under the following authorities: (1) Ninth Circuit Rules 46-2(a), 30-2(d); (2) Federal

20   Rule of Appellate Procedure 38 and 46(c); (3) 28 U.S.C. §§ 1912, 1927; and (4) California Civil

21   Code § 1717. *Id.*, Appellee's Mot. for Attorney Fees (9th Cir. March 19, 2020), ECF No. 40-1 at

22   2. Regarding the claim for fees under § 1717 on appeal, Mr. Martin relied on the prevailing party

23   attorney's fee provision in the underlying agreement and this court's prior award of fees under §

24   1717. *Id.*, ECF No. 40-1 at 18.

25       While the Ninth Circuit's order does not identify a specific basis for the award of attorney's

26   fees, the order explicitly awards attorney's fees and costs and — given the grounds on which Mr.

27   Martin sought attorney's fees — there is no question that the Ninth Circuit awarded attorney's fees

28   pursuant to a federal or California statute or the underlying contract. *Id.*, Order (9th Cir. Aug. 13,

United States District Court
Northern District of California

1    2020), ECF No. 41. Thus, Mr. Martin is entitled to "reasonable and necessary" post-judgment

2    attorney's fees incurred to enforce the judgment under § 685.040.

3

4    **3.  Mr. Cowen's Challenges to the Claimed Fees**

5         Mr. Cowen challenged the costs claimed by filing objections to the Memorandum of Costs.[10]

6    Mr. Martin claims that the objections were untimely.[11] After Mr. Martin filed the Memorandum of

7    Costs on October 19, 2021, Mr. Cowen filed objections fourteen days later on November 2, 2021,

8    which was the deadline for objections identified on the court's docket.[12] Section 685.070(c)

9    provides that the judgment debtor has ten days after service to object to a memorandum of costs,

10   and § 685.070(f) provides that California Code of Civil Procedure § 1013 applies to § 685.070. In

11   this regard, § 1013(g) permits electronic service under § 1010.6, and § 1010.6(a)(4)(B) provides

12   for an extension of time to do any act by two court days after service by electronic means. *Bryant*

13   *Fam. Vineyard v. United Parcel Serv., Inc.*, No. 16-CV-00125-JST, 2016 WL 1410127, at *5

14   (N.D. Cal. Apr. 11, 2016) (noting that the two-court-day extension under § 1010.6(a) applies only

15   where the document served was filed with the court). October 29, 2021 fell ten days after Mr.

16   Martin filed the Memorandum of Costs with the court, and November 2, 2021 was two court days

17   after October 29, 2021. Accordingly, Mr. Cowen's objections were timely, and the court construes

18   the objections as a motion to tax costs. *Schutza*, 2019 WL 5295075, at *2 (construing an objection

19   to a memorandum of costs as a motion to tax costs).

20        Regarding the substance of Mr. Cowen's objections, Mr. Cowen — citing *Jaffe v. Pacelli*, 165

21   Cal. App. 4th 927, 934–38 (2008) — argues that attorney's fees are collectible as costs only "if the

22   underlying judgment includes an award of attorney's fees to the judgment creditor pursuant to

23   subparagraph (A) of paragraph (10) of subdivision (a) of Section 1033.5."[13] Mr. Cowen further

24

25   _____

     [10] Obj. to Mem. of Costs – ECF No. 173.

26   [11] Opp'n to Objs. to Post-Judgment Cost Bill – ECF No. 176 at 7–8.

27   [12] Mem. of Costs – ECF No. 169 ("Objections due by 11/2/2021.") (Docket Entry); Objs. to Mem. of
     Costs – ECF No. 173.

28   [13] Reply in Supp. of Obj. to Mem. of Costs – ECF No. 177 at 5.

1
2
3
4
5
6
7

argues that Mr. Martin was required to file a noticed motion to claim attorney's fees under §§ 685.070 and 685.040.[14] Neither contention is correct. *Carnes*, 488 F.3d at 1060 ("attorney fees incurred in enforcing a judgment" may be obtained either through a memorandum of costs or noticed motion); *Berti*, 145 Cal. App. 4th at 77 ("[Defendant's] argument [that statutory attorney's fees incurred to enforce a judgment are not recoverable under § 685.040] ignores that the penultimate sentence of Code of Civil Procedure section 685.040 authorizes postjudgment fees provided by law.").

8
9
10
11
12
13
14

Mr. Cowen also faults Mr. Martin's failure to complete Section 10 of the Memorandum of Costs (Worksheet) MC-011 by including a statement concerning "whether the attorney fees are contractual or statutory."[15] Mr. Cowen has not, however, identified any authority precluding the award of attorney's fees based on clerical errors in a memorandum of costs. Denying attorney's fees due to a clerical error in the Memorandum of Costs Worksheet would contradict the Ninth Circuit's instruction to apply California's Enforcement of Judgments Law "in a common sense manner." *Carnes*, 488 F.3d at 1060.

15
16
17
18
19
20
21
22
23
24

Concerning the requirement to file the memorandum before the judgment is fully satisfied, Wells Fargo levied Mr. Cowen's account on October 8, 2021 in the sum of $47,372. According to Mr. Martin's declaration and Wells Fargo's Memorandum of Garnishee, the levied funds have not, however, been delivered to the U.S. Marshals Service or to Mr. Martin.[16] Therefore, the judgment was not fully satisfied before Mr. Martin filed the Memorandum of Costs. *Gray1 CPB, LLC v. SCC Acquisitions, Inc.*, 233 Cal. App. 4th 882, 895 (2015) (finding that judgment was fully satisfied when judgment creditor accepted cashier's check for amount of judgment plus accrued interest and awarded costs); *Anderson v. Kellogg*, No. H030311, 2007 WL 1244348, at *5 (Cal. Ct. App. Apr. 30, 2007) (finding that judgment was fully satisfied when "appellant paid the Sheriff the full amount on the writ of execution") (unpublished). In short, the Memorandum of Costs was

25
26
27
28

---

[14] *Id.*; Obj. to Mem. of Costs – ECF No. 173 at 3.

[15] Reply in Supp. of Objs. to Mem. of Costs – ECF No. 177 at 4.

[16] Martin Decl. in Supp. of Opp'n to Objs. to Post-Judgment Cost Bill – ECF No. 176-1 at (¶ 6); Ex. 4 to Martin Decl. in Supp. of Opp'n to Objs. to Post-Judgment Cost Bill – ECF No. 176-1 at 26–28.

United States District Court
Northern District of California

1   a procedurally proper method of requesting costs and fees available as a matter of right under §

2   685.070, including attorney's fees, because Mr. Martin timely filed the Memorandum of Costs

3   within two years of the costs incurred, and before the judgment was fully satisfied, and included

4   the statutorily required affidavit. Cal. Civ. Proc. Code § 685.080(a).

5

6   **4.   Reasonableness and Necessity of the Attorney's Fees**

7        In order to recover attorney's fees as costs under § 685.040, the fees must have been

8   reasonably and necessarily incurred to enforce the judgment. *Howard Johnson Int'l, Inc. v.*

9   *Ebuehi*, No. LA CV 17-09104-VAP, 2020 WL 2121426, at *2 (C.D. Cal. Mar. 18, 2020) ( "while

10  the Court agrees. . . that the attorneys' fees and costs it has incurred to enforce the Judgment were

11  reasonable and necessary, as discussed below, the Court will not award it those fees and costs

12  [under § 685.040] already awarded by the United States Bankruptcy Court in a separate

13  enforceable judgment" and evaluating the reasonableness of fees incurred to enforce a judgment

14  not related to the bankruptcy proceeding); *Abselet v. All. Lending Grp., Inc.*, No. CV 11-815-JFW

15  (JEMX), 2016 WL 9665251, at *2 (C.D. Cal. Mar. 15, 2016) ("Although the Court has concluded

16  that [plaintiff] is entitled to post-judgment attorneys' fees and costs [under § 685.040], it must

17  undertake an analysis of whether the award sought is reasonable."); *see Karnazes*, 2014 WL

18  511089, at *1 (rejecting proposition that enforcement fees can be recovered based on

19  memorandum of costs rather than noticed motion because it would "create the unique anomaly of

20  a judgment debtor being liable, at least in theory, for unlimited amounts of attorney fees that are

21  never required to undergo judicial inspection to determine if the fees are both reasonable and

22  necessarily incurred in enforcing the judgment").

23       According to the Memorandum of Costs and later filed Writ of Execution, Mr. Martin seeks a

24  total award of $25,725.03 in post-judgment costs.[17] Of these costs, Mr. Martin seeks post-

25  judgment attorney's fees in the sum of $23,520 for work by counsel, Ali Ari Aalaei. Mr. Aalaei

26  billed 40.2 hours including 39.2 hours at $600 per hour and, according to the Memorandum of

27

28  ───────────────
    [17] Mem. of Costs – ECF No. 169 at 1; Writ of Execution – ECF No. 180 at 1.

1    Costs, one hour at $200 per hour.[18] The bulk (38.4 hours) of the post-judgment attorney's fees

2    were incurred between May 4, 2021, and July 15, 2021, for preparing three motions to enforce the

3    Ninth Circuit's judgment (37.4 hours for drafting the moving papers and preparing for the hearing

4    and one hour, billed at $200 per hour, for attending the hearing on these motions).[19] The court

5    denied these motions without prejudice, holding that the motions were premature in part because

6    Mr. Cowen had not tried to enforce a writ of execution or noticed any judgment-debtor exams and

7    because Mr. Cowen had attempted to negotiate a payment plan and had not disobeyed court

8    orders.[20] For the same reasons, the attorney's fees incurred for preparing these motions were not

9    "reasonable and necessary." The court, therefore, reduces the claimed 40.2 hours of attorney's fees

10   by 38.4 hours.

11        The remaining attorney's fees (1.8 hours at $600 per hour) relate, primarily, to Mr. Aalaei's

12   review of: (1) filings by Mr. Martin and Mr. Cowen and (2) the court's order setting a judgment

13   debtor examination.[21] Reasonable attorney's fees for these activities, which were necessary to

14   enforce the judgment, are recoverable under § 685.040.

15        California state and federal courts use the lodestar method to determine a reasonable fee

16   award. *Heifetz v. Mona's Burgers Clayton LLC.*, No. 19-CV-02392-LB, 2021 WL 292034, at *4

17   (N.D. Cal. Jan. 28, 2021), *recons. denied*, 2021 WL 1176533 (N.D. Cal. Mar. 29, 2021). The

18   lodestar is calculated by multiplying the number of hours the prevailing party reasonably

19   expended on the litigation by a reasonable hourly rate. *Morales v. City of San Rafael,* 96 F.3d 359,

20

21   _____

     [18] Mem. of Costs – ECF No. 169 at 6; Aalaei Decl. – ECF No. 176-2. There is a discrepancy between
22   the Memorandum of Costs and the "billing records" attached to the Aalaei Declaration. The "billing
     records" attached to the Aalaei Declaration do not reflect a reduced rate of $200 per hour for attending
23   the July 15, 2021 hearing as noted in the Memorandum of Costs. Accordingly, while the sum of the
     hours and rates in the Memorandum of Costs is correct ((39.2 hours x $600/hour) + (1 hour x
24   $200/hour) = $23,720), the sum of the hours and rates in the Aalaei Declaration is not correct because
     the sum of the hours (40.2) at the quoted rate of $600 per hour does not equal $23,520 as stated in the
25   "billing records" attached to the Aalaei Declaration, but would in fact total $24,120 (40.2 hours x
     $600/hour = $24,120). The discrepancy is not material, however, because the court does not award
26   attorney's fees associated with attendance at the July 15, 2021 hearing.

     [19] Mem. of Costs – ECF No. 169 at 6; Aalaei Decl. – ECF No. 176-2.
27
     [20] Order – ECF No. 153 at 3–4.
28
     [21] Mem. of Costs – ECF No. 169 at 6; Aalaei Decl. – ECF No. 176-2.

363 (9th Cir. 1996) (cleaned up), *op. am. on den. of reh'g*, 108 F.3d 981 (9th Cir. 1997). A prior award of attorney's fees to an attorney at a particular hourly rate may be persuasive in establishing the reasonableness of a claimed hourly rate. *Heifetz*, 2021 WL 292034, at *5 (following cases as persuasive that awarded attorney's fees to an attorney at a particular hourly rate).

While Mr. Martin has not supplied any information concerning Mr. Aalaei's experience and qualifications sufficient to evaluate the reasonableness of his hourly rate in the Memorandum of Costs or Opposition, Mr. Cowen does not challenge the hourly rate charged by Mr. Aalaei. Moreover, Mr. Martin did include information — including a Laffey Matrix and a declaration regarding his background — supporting his hourly rate in the underlying appeal, and the Ninth Circuit awarded attorney's fees based on a rate of $600 per hour for Mr. Aalaei. *Sayta v. Martin*, No. 18-17090, Appellee's Mot. for Attorneys' Fees (9th Cir. March 19, 2020), ECF No. 40-1 at 18–19 and 33; *id.*, Order (9th Cir. Aug. 13, 2020), ECF No. 41. The court finds that the $600 per hour rate changed by Mr. Aalaei is reasonable based on the Ninth Circuit's prior award of attorney's fees at that rate.

The court therefore grants Mr. Martin's request for post-judgment attorney's fees in the sum of $1,080 (1.8 hours at $600 per hour) and denies with prejudice the remaining claimed attorney's fees.

**5.   Other Claimed Costs**

Mr. Martin also seeks $2,005.03 in the following additional costs: (1) $226.53 in "courtesy copy delivery" costs, (2) $434.50 in "[a]ttachment expenses," including $119.50 in subpoena service costs, $250.00 for serving a bank levy on Wells Fargo, and a $65 "US Marshal Fee," (3) $695.00 in court reporter fees, and (4) $649 in fees for a process server to locate Mr. Cowen's financial institutions.[22] Section 685.070(a)(1) to (4) provides for the recovery of statutory costs for (1) preparing an abstract of judgment, (2) filing a notice of judgment lien, (3) issuing a writ for the enforcement of judgment, and (4) the levying officer for performing the duties under a writ.

---

[22] Mem. of Costs – ECF No. 169 at 4–5.

United States District Court
Northern District of California

Except for the $65 "US Marshal Fee," the additional costs Mr. Martin claims are not identified in § 685.070(a) and are, therefore, not claimable as a matter of right. Mr. Martin was required to file a noticed motion to seek these additional costs. The court denies Mr. Martin's request for all non-attorney's fee costs, except for the $65 U.S. Marshal Fee, without prejudice.

## 6.  Motion to Quash

Mr. Cowen asks the court to quash subpoenas served on Wells Fargo, Intelligent Office, JP Morgan Chase, and Bank of America.[23] The court denies Mr. Cowen's Motion to Quash without prejudice. This court's Standing Order requires, among other things, that if a meet-and-confer by other means does not resolve the parties' dispute, lead counsel for the parties must meet and confer in person (if counsel are local) and then submit a joint letter brief with information about any unresolved disputes. The letter brief must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief." After reviewing the joint letter brief, the court will evaluate whether further proceedings are necessary, including any further briefing or argument. The court thus denies without prejudice the motion to quash in favor of this process.

### CONCLUSION

The court taxes the $65 fee paid to the U.S. Marshals Service and $1,080 in attorney's fees to Mr. Cowen. The court denies without prejudice Mr. Martin's request for additional costs. The court also denies without prejudice Mr. Cowen's motion to quash.

This disposes of ECF Nos. 169, 170, 171, 173, and 180.

**IT IS SO ORDERED.**

Dated: January 28, 2022

_____
LAUREL BEELER
United States Magistrate Judge

[23] Mot. to Quash – ECF No. 171 at 3.